# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Sabina Bebee, Mary Sullivan, Nicole Garner, Amy Yarbrough, Robert Yarbrough, David Renaud, Xavier Renaud, and Barbara Perez,<br><br>Plaintiffs,<br><br>v.<br><br>Motorola Solutions, Inc., Scott Safety, Inc., Scott Health and Safety, Inc., Motorola, Inc., Access Data Supply, Inc., and CTS Consolidated Telecom Services, LLC,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 4:16-cv-00763<br><br>Jury Requested |

## Defendant Motorola's Notice of Removal

Defendant Motorola Solutions, Inc. f/k/a Motorola, Inc. ("Motorola") files this Notice of Removal and respectfully shows the Court the following:

## Grounds for Removal

1. Pursuant to Rule 81 of the Local Rules, Motorola provides the following index of matters being filed:

| Exhibit A: | All executed process in the case |
|---|---|
| Exhibit B: | Plaintiffs' Original Petition |
| Exhibit C: | Plaintiffs' First Amended Original Petition |
| Exhibit D: | Motorola's Answer to Plaintiffs' First Amended Original Petition |
| Exhibit E: | Motorola's First Amended Answer to Plaintiffs' First Amended Original Petition |

| **Exhibit F:** | Access Data Supply, Inc.'s Original Answer |
|---|---|
| **Exhibit G:** | The state court docket sheet |
| **Exhibit H:** | A list of all counsel of record, including addresses, telephone numbers and parties represented |
| **Exhibit I:** | Affidavit of Andrea Reneé Logans |
| **Exhibit J:** | Declaration of Pam Faver |
| **Exhibit K:** | Declaration of Brent Vincent |

2. Motorola removes this action pursuant to 28 U.S.C. § 1441(a).

3. This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

4. Plaintiffs state in their First Amended Original Petition ("Petition") they seek recovery of "[a]ctual damages in excess of $1,000,000.00 each" and "[p]unitive damages in an amount in excess of $5,000,000.00." Ex. C, at p.13 ¶¶ 1-2. As such, the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1446(c)(2).

5. Plaintiffs allege they are Texas residents. Petition, Ex. C, ¶ 3.1.

6. Defendant Motorola is a Delaware corporation with its principal place of business in Illinois.

7. Scott Technologies, Inc. d/b/a Scott Safety (improperly named by Plaintiffs as "Scott Safety, Inc." and "Scott Health and Safety, Inc.")[1] ("Scott") is a Delaware corporation with its principal place of business in North Carolina.

8. Plaintiffs allege Defendants Access Data Supply, Inc. ("ADSI") and CTS Consolidated Telecom Services, LLC ("CTS") are Texas corporations. Petition, Ex. C, ¶¶ 3.6-.7. However, as shown below, Plaintiffs both misstated and omitted discrete facts that demonstrate ADSI and CTS are both improperly joined. Based on the evidence attached as Exhibits I through K, as well as the arguments below, the Court should pierce the pleadings and determine there is no reasonable basis for predicting Plaintiffs might establish liability against ADSI and CTS in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000). Accordingly, this removal is proper.

9. Venue is proper in this Court for purposes of removal. Plaintiffs brought this action in the 11th Judicial District Court of Harris County, Texas—located within the Southern District of Texas, Houston Division. 28 U.S.C. § 124(b)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. This removal is filed within 30 days of service upon Motorola and is therefore timely filed under 28 U.S.C. § 1446(b). *See* Ex. A.

---

[1] Plaintiffs do not dispute Scott is diverse. Plaintiffs allege both Scott Safety, Inc. and Scott Health and Safety, Inc. are not licensed to do business in the State of Texas and may be served at their registered office in North Carolina. *See* Pet., Ex. C, ¶¶ 3.3-.4.

11. Scott consents to the removal. *Cf.* 28 U.S.C. § 1446(b)(2)(A). Because Motorola alleges ADSI and CTS were improperly joined, consent is not required from either ADSI or CTS. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of this [consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

## Overview of the Lawsuit

12. This February 8, 2016 lawsuit arises out of injuries firefighters and their families allege they sustained in a May 31, 2013 fire. Plaintiffs allege their injuries were caused by digital radios and a radio system supplied by Motorola. *See* Petition, Ex. C, at, *e.g.*, ¶¶ 4.2, 4.5. Plaintiffs also allege their injuries were caused by an "E-Z Radio System" supplied by Scott. *See id.* at, *e.g.*, ¶ 4.5.

13. In addition to Motorola and Scott, Plaintiffs sue two in-state defendants: ADSI and CTS. Plaintiffs make the following specific allegations against ADSI:

    a. ADSI "engaged in marketing, servicing, and/or assisting in the provision and use of the Motorola products" at issue in Plaintiffs' Petition. Petition, Ex. C, ¶ 3.6.

    b. ADSI "agreed to serve as [a] subcontractor[] to partner with the other defendants to market, integrate, train and provide processing and instructions regarding the radio system." *Id.* ¶ 4.7.

14. Plaintiffs make the following specific allegations against CTS:

    a. CTS "engaged in marketing, servicing, provision and use of the Motorola products and advertising" at issue in Plaintiffs' Petition. *Id.* ¶ 3.7.

> b. CTS "agreed to serve as [a] subcontractor[] to partner with the other defendants to market, integrate, train and provide processing and instructions regarding the radio system." *Id.* ¶ 4.7.

Although Plaintiffs include a number of other, global allegations against "defendants"—which includes defendants Motorola and Scott—Plaintiffs make no other, specific allegations against either ADSI or CTS.

15. As shown below, Plaintiffs both misstate and omit discrete facts in their Petition demonstrating both ADSI and CTS were improperly joined. Accordingly, Motorola requests the court "pierce the pleadings," consider the attached affidavit and declarations, and dismiss ADSI and CTS from the lawsuit.

## Argument and Authorities

**A. The Court Should "Pierce the Pleadings" to Determine Improper Joinder.**

16. To establish improper joinder, a removing party must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Motorola removes this case based on the second test: Plaintiffs cannot establish a cause of action against either ADSI or CTS, the in-state defendants.

17. In resolving the second test, the Court may conduct a Rule 12(b)(6)-type analysis, looking solely at the allegations of the state court petition. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). However, "[t]he scope of the inquiry for fraudulent joinder . . . is broader than that for Rule 12(b)(6)." *Ross v. Citifinancial, Inc.*, 344 F.3d 457, 462 (5th Cir. 2003). "Merely *pleading* a valid state law claim, or one

whose validity is reasonably arguable, against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (emphasis in original). In cases in which a plaintiff has stated a claim, but has "misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. Summary inquiry is appropriate when, for example, "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12.

18. The "removing defendant [need not demonstrate an absence of *any possibility* of recovery in state court] . . . the defendant must demonstrate only that there is no *reasonable* basis for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). *See also Ross*, 344 F.3d at 463 (a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder). When deciding whether the plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the state court petition. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). As the non-removing party, the plaintiff may not rely on new causes of action or new theories of recovery outside the controlling state court petition. *Id.*

19. The attached affidavit of Andrea Reneé Logans and declarations of Pam Faver and Brent Vincent demonstrate Plaintiffs both misstate <u>and</u> omit discrete facts demonstrating Plaintiffs improperly joined ADSI and CTS. *Cf. Smallwood*, 385 F.3d at 573. Accordingly, Motorola requests the Court pierce the pleadings, determine Plaintiffs improperly joined ADSI and CTS, and dismiss ADSI and CTS from this case.

**B. Plaintiffs <u>Misstate</u> Discrete Facts Regarding ADSI's and CTS's Involvement with the Radio Project.**

20. The attached affidavit and declarations demonstrate Plaintiffs "misstate[] . . . discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. Neither ADSI nor CTS performed the acts alleged by Plaintiffs in their petition. *Cf.* Petition, Ex. C, ¶¶ 3.6-.7, 4.7.

    a. Neither ADSI nor CTS has, at any time, "engaged in marketing, servicing, and/or assisting in the provision and use of the Motorola products" at issue in Plaintiffs' Petition. *See* Ex. I ¶¶ 5-7; Ex. J ¶¶ 5-7; Ex. K ¶¶ 4-6.

    b. Neither ADSI nor CTS served, or agreed to serve, as a subcontractor to "market, integrate, train [or] provide processing and instructions regarding the [Motorola] radio system." *See* Ex. I ¶¶ 8-11; Ex. J ¶¶ 8-11; Ex. K ¶¶ 7-10.

    c. Neither ADSI nor CTS designed, manufactured, programmed, sold, or repaired any product or any aspect of the Motorola radio system at issue in Plaintiffs' Petition. Ex. I ¶¶ 12-15, 18; Ex. J ¶¶ 12-15, 18; Ex. K ¶¶ 11-14, 17.

    d. Neither ADSI nor CTS advertised, marketed, made any representations with respect to, or provided training or warnings with respect to, any product or any aspect of the Motorola radio system at issue in Plaintiffs' Petition. Ex. I ¶¶ 16-17, 19; Ex. J ¶¶ 16-17, 19; Ex. K ¶¶ 15-16, 18.

e. Neither ADSI nor CTS warranted any product or any aspect of the Motorola radio system at issue in Plaintiffs' Petition. Ex. I ¶ 20; Ex. J ¶ 20; Ex. K ¶¶ 19.

f. Neither ADSI nor CTS blueprinted, assembled, tested, or installed any aspect of the Motorola equipment or electronics at issue in Plaintiffs' Petition. Ex. I ¶ 21; Ex. J ¶¶ 21, 23-24, 26; Ex. K ¶¶ 20-21, 27-28, 30.

21. Because the sworn testimony of ADSI, CTS, and Motorola completely negates Plaintiffs' allegations regarding the in-state defendants, piercing the pleadings is appropriate. *See, e.g., Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (conspiracy claim against in-state defendants was fraudulently joined when "The affidavits of the two in-state distributor defendants . . . completely negate their being a party to any conspiracy such as alleged in the amended complaint."); *Garcia v. LG Elecs. USA Inc.*, No. B-11-61, 2011 U.S. Dist. LEXIS 67165, *13-16, 22-23 (S.D. Tex. Jun. 23, 2011) (mem. op.) (denying remand when an in-state product retailer testified it did not design or manufacture the subject product); *Jackson v. Union Pac. R.R.*, No. 3:06-CV-0768-L ECF, 2007 U.S. Dist. LEXIS 4972, *9-10 (N.D. Tex. Jan. 24, 2007) (mem. op.) (denying remand when an in-state train conductor testified he "never had the responsibility of selecting, installing, designing, or maintaining railroad crossing signals or warning devices"). Accordingly, Motorola requests the Court determine Plaintiffs improperly joined ADSI and CTS and dismiss ADSI and CTS from this case.

C. **Plaintiffs <u>Omit</u> Discrete Facts Regarding ADSI's and CTS's Involvement with the Radio Project.**

22. Because Plaintiffs misstate discrete facts underlying their allegations against ADSI and CTS, the Court's analysis can begin and end with section B above.

However, the attached affidavit and declarations also demonstrate Plaintiffs "omit[] discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573.

23. Although both ADSI and CTS were subcontractors in the City of Houston radio upgrade project, their project roles had nothing to do with the radio equipment or electronics at issue in the lawsuit. ADSI ran a warehouse. Ex. I ¶¶ 22-25; Ex. K ¶¶ 22-25. CTS assembled towers and shelters Motorola asked CTS to build, at the sites Motorola specified, and using the materials, components, dimensions, tolerances, locations, and specifications Motorola dictated. *See* Ex. J ¶¶ 22-27; Ex. K ¶¶ 26-31. "[Motorola] has presented evidence at this stage that clearly negates any fault on [ADSI's and CTS's] part for injuries that Plaintiff[s] [allegedly] suffered." *Jackson v. Union Pac. R.R.*, No. 3:06-CV-0768-L ECF, 2007 U.S. Dist. LEXIS 4972, *9 (N.D. Tex. Jan. 24, 2007) (mem. op.).

24. The *Jackson v. Union Pacific Railroad* case demonstrates that the mere presence of a contractor on a project is not enough to justify improper joinder—and demonstrates how a summary inquiry can be used to resolve omitted facts. The *Jackson* plaintiff sued Union Pacific and Park, the in-state train conductor, for injuries arising out of a train-car collision. *Id.* at *1-2, 8. Park admitted he was responsible for the cargo on the subject train. However, he also went on to explain he did not drive the train. *Id.* at *8. The court held Park's tangential involvement with the train trip, and non-involvement with the operation of the train, precluded recovery against Park and supported removal. *Id.* at *9-10. Like *Jackson*, "[t]his case calls for the summary

inquiry contemplated by *Smallwood*." *Id.* at *8. Despite ADSI's and CTS's tangential involvement with the radio upgrade project, their non-involvement with Plaintiffs' allegations preclude recovery against ADSI and CTS. *See* Ex. I ¶¶ 22-25; Ex. J ¶¶ 22-27; Ex. K ¶¶ 22-31. Therefore, Motorola requests the court dismiss ADSI and CTS.

## Jury Demand

25. Motorola previously demanded a jury trial in accordance with state law and paid the jury fee. *See* Motorola's Answer, Ex. D, ¶ 16. *Cf.* FED. R. CIV. P. 81(c)(3)(A).

## Conclusion

26. All conditions and procedures for removal have been satisfied. Motorola attaches as exhibits to this Notice copies of all process, pleadings and orders from the state court, as required by 28 U.S.C. § 1446(a). Pursuant to 28 U.S.C. § 1446(d), Motorola will also promptly give written notice of the filing of this Notice to Plaintiffs, as well as promptly file a copy of the Notice of Removal with the clerk for the 11th Judicial District Court of Harris County, Texas.

Respectfully submitted,


By: */s/ Matthew E. Coveler*
    Matthew E. Coveler
    State Bar No. 24012462
    S.D. No. 24130
    Attorney-in-Charge
    Ben T. Zinnecker
    State Bar No. 24066504
    S.D. No. 1269224
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe, Suite 500
Houston, TX 77063
Telephone: (713) 244-0800
Facsimile: (713) 244-0801
matthew.coveler@wtllaw.com
ben.zinnecker@wtllaw.com

**Attorneys for Defendant**
**Motorola Solutions, Inc.**
**f/k/a Motorola, Inc.**

## Certificate of Service

This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure via U.S. Mail on March 23, 2016:

Benjamin L. Hall, III
William Van Fleet
THE HALL LAW FIRM
530 Lovett Blvd.
Houston, TX 77006
(713) 942-9566 (fax)
Bhall@Bhalllawfirm.com
*Counsel for Plaintiffs*

P. Randall Crump
SHOOK, HARDY & BACON L.L.P.
600 Travis Street, Suite 3400
Houston, TX 77002-2926
(713) 227-9508 (fax)
pcrump@shb.com
*Counsel for Defendant Scott Technologies, Inc. d/b/a Scott Safety*

T. Deon Warner
WARNER AND ASSOCIATES PLLC
550 Westcott Street, Suite 415
Houston, Texas 77007
(713) 422-2309 (fax)
deon@warnerandassociates.com
*Counsel for Defendant Access Data Supply, Inc.*

                                              */s/ Matthew E. Coveler*
                                              Matthew E. Coveler