Case 4:16-cv-00763   Document 1-5   Filed on 03/23/16 in TXSD   Page 1 of 6

3/17/2016 5:20:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9668127
By: Tammy Tolman
Filed: 3/17/2016 5:20:59 PM

CAUSE NO. 2016-08066

| | | |
|---|---|---|
| **SABINA BEBEE**, *et al.*, | § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **MOTOROLA SOLUTIONS, INC.**, *et al.*, | § | |
| Defendants. | § | 11th JUDICIAL DISTRICT |

## DEFENDANT MOTOROLA SOLUTIONS' FIRST AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

Defendant Motorola Solutions, Inc. f/k/a Motorola, Inc. ("Motorola") files this first amended answer to Plaintiffs' First Amended Original Petition and would respectfully show the Court as follows:

### GENERAL DENIAL

1. The laws of the State of Texas provide a method whereby a company or person who has been sued has certain protection from lawsuits such as the one filed by Plaintiffs. That protection, provided by Rule 92 of the Texas Rules of Civil Procedure, allows Motorola to generally deny the allegations of Plaintiffs and requires Plaintiffs to prove such allegations and accusations to the jury by a preponderance of the credible evidence. That protection is hereby invoked by Motorola in filing this Answer.

### DEFENSES

2. All or part of Plaintiffs' wrongful death, survival, and other personal injury claims are barred by the statutes of limitations applicable to the claims.



EXHIBIT E

Certified Document Number: 69451580 - Page 1 of 5

3. Some party or parties other than Motorola, over whom Motorola exercised no control and for whom Motorola was not responsible, may have been the sole proximate cause of Plaintiffs' alleged injuries and damages.

4. The injuries and damages claimed by Plaintiffs, if any, may have resulted from an intervening or superseding cause or causes, and any act or omission on the part of Motorola was not the proximate or competent producing cause of such alleged injuries and damages.

5. The injuries and damages alleged by Plaintiffs, if any, may have been the result of unavoidable circumstances that could not have been prevented by any person, including Motorola.

6. Motorola invokes the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

7. Plaintiffs' claims and causes of action may be barred by comparative fault. Pursuant to Section 33.001 of the Texas Civil Practice and Remedies Code, if a plaintiff's percentage of responsibility is greater than fifty percent, then he or she may not recover damages, regardless of the theory or recovery pled.

8. Pursuant to Section 33.003 of the Texas Civil Practice and Remedies Code, Motorola requests the jury determine the percentage of responsibility for each plaintiff, each defendant, each third-party plaintiff or defendant, each cross-plaintiff or defendant, each settling person, and each responsible third party with respect to each person's or entity's causing or contributing to in any way the harm for which recovery or damages is sought.

Certified Document Number: 69451580 - Page 2 of 5

9. Pursuant to Section 33.012 of the Texas Civil Practice and Remedies Code, if Plaintiffs are not barred from recovery under Section 33.001, Motorola requests the Court reduce the amount of damages to be recovered by Plaintiffs by a percentage equal to their percentage of responsibility.

10. Motorola is entitled to a credit or offset for any and all sums Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action. Motorola alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. Motorola further pleads any and all other offsets and/or credits allowed under the statutory and common laws of the State of Texas.

11. Motorola invokes the provisions of Chapter 82 of the Texas Civil Practice and Remedies Code.

12. The proof required for all "design defect" cases is governed by statute. Pursuant to Section 82.005 of the Texas Civil Practice and Remedies Code, Plaintiffs must prove by a preponderance of the evidence (1) there was a safer alternative design—as defined in Section 82.005(b)—and (2) the alleged defect was a producing cause of the damage for which Plaintiffs seek recovery. Motorola requests the Court instruct the jury on these statutory elements of a "design defect" case.

13. Plaintiffs' claims may also be barred because Motorola's product conformed to the technological, scientific, and industrial state of the art at the time the product was first sold.

Certified Document Number: 69451580 - Page 3 of 5

14. Motorola invokes the provisions of Sections 18.091 and 41.0105 of the Texas Civil Practice and Remedies Code.

15. Motorola reserves the right to amend this Answer as needed.

## JURY DEMAND

16. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Motorola asserts its right under Article I, Section 5 of the Texas Constitution and the Seventh Amendment of the United States Constitution and demands a jury trial as to all issues in this matter. The necessary jury fee has been tendered to the district clerk as required by Section 51.604 of the Texas Government Code.

## PRAYER

Motorola requests that a take-nothing judgment be entered against Plaintiffs, that Motorola be awarded its costs of suit, and that Motorola receive any and all further relief to which it is justly entitled.

Respectfully submitted,

By: */s/ Ben T. Zinnecker*
Matthew E. Coveler
State Bar No. 24012462
Ben Zinnecker
State Bar No. 24066504
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe, Suite 500
Houston, TX  77063
Telephone:  (713) 244-0800
Facsimile:  (713) 244-0801
matthew.coveler@wtllaw.com
ben.zinnecker@wtllaw.com

***Attorneys for Defendant***
***Motorola Solutions, Inc. f/k/a***
***Motorola, Inc.***

## CERTIFICATE OF SERVICE

This instrument was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure via electronic service, facsimile, and/or U.S. Mail on March 17, 2016, upon the following counsel of record:

Benjamin L. Hall, III
William Van Fleet
THE HALL LAW FIRM
530 Lovett Blvd.
Houston, TX  77006
(713) 942-9566 (fax)
Bhall@Bhalllawfirm.com
*Counsel for Plaintiffs*

*/s/ Ben T. Zinnecker*
Ben T. Zinnecker

Certified Document Number: 69451580 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 23, 2016

Certified Document Number:        69451580 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**