## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Sabina Bebee, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>Motorola Solutions, Inc., *et al.*,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:16-cv-00763<br><br>**Jury Requested** |

### MOTOROLA'S SECOND AMENDED ANSWER TO
### PLAINTIFFS' FIRST AMENDED PETITION

Defendant Motorola Solutions, Inc. f/k/a Motorola, Inc. ("Motorola") responds to

the First Amended Petition ("Petition") filed against it by Plaintiffs as follows:

### Rule 12(b) Defenses

**First Defense:** Motorola asserts the defense of failure to state a claim under Federal

Rule of Civil Procedure 12(b)(6).

### Specific Denials

**1.     Response to "Discovery Control Plan"**

1.1.    Paragraph 1.1 of the Petition is a state court legal conclusion to which no

response is required. To the extent the contents of paragraph 1.1 can be construed as factual

allegations, Motorola denies the allegations.

**2.     Response to "Requests for Disclosure"**

2.1.    Paragraph 2.1 of the Petition is a state court legal conclusion to which no

response is required. To the extent the contents of paragraph 2.1 can be construed as factual

allegations, Motorola denies the allegations.



**3.     Response to "Parties"**

3.1.    Paragraph 3.1 of the Petition is a legal conclusion to which no response is required.  To the extent the contents of paragraph 3.1 can be construed as factual allegations, Motorola admits Plaintiffs allege they are Texas residents.  Motorola further states it is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 3.1.  Accordingly, Motorola denies the allegations at this time.

3.2.    Motorola admits the allegations in paragraph 3.2 of the Petition and further states it does not contest proper service of the Petition on Motorola.

3.3.    The allegations in paragraph 3.3 of the Petition are directed to a party other than Motorola, and Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Accordingly, Motorola denies the allegations in paragraph 3.3.

3.4.    The allegations in paragraph 3.4 of the Petition are directed to a party other than Motorola, and Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Accordingly, Motorola denies the allegations in paragraph 3.4.

3.5.    Motorola denies the allegations in paragraph 3.5.  However, Motorola states it does not contest proper service of the Petition on Motorola.

3.6.    The allegations in paragraph 3.6 of the Petition are directed to a party other than Motorola, and Motorola is without knowledge or information sufficient to form a

belief as to the truth of the allegations. Accordingly, Motorola denies the allegations in paragraph 3.6.

      3.7.    The allegations in paragraph 3.7 of the Petition are directed to a party other than Motorola, and Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations. Accordingly, Motorola denies the allegations in paragraph 3.7.

**4.      Response to "Brief Notice Facts"**

      4.1.    Motorola denies the allegations in paragraph 4.1 of the Petition.

      4.2.    Motorola denies the allegations in paragraph 4.2. of the Petition, including subparagraphs a. through p.

      4.3.    Motorola denies the allegations in paragraph 4.3 of the Petition.

      4.4.    Motorola denies the allegations in paragraph 4.4 of the Petition.

      4.5.    Motorola denies the allegations in paragraph 4.5 of the Petition.

      4.6.    Motorola denies the allegations in paragraph 4.6 of the Petition.

      4.7.    Motorola denies the allegations in paragraph 4.7 of the Petition.

      4.8.    Motorola denies the allegations in paragraph 4.8 of the Petition.

      4.9.    To the extent the allegations in paragraph 4.9 of the Petition are directed to Motorola, Motorola denies the allegations and denies it is liable to Plaintiffs for damages of any kind. To the extent the allegations in paragraph 4.9 are directed to parties other than Motorola, Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations. Accordingly, Motorola denies the allegations.

**5.**     **Response to "Design, Marketing and Product Defect Claims"**

5.1.     To the extent the allegations in paragraph 5.1 of the Petition are directed to Motorola, Motorola denies the allegations and denies it is liable to Plaintiffs for damages of any kind.  To the extent the allegations in paragraph 5.1 are directed to parties other than Motorola, Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Accordingly, Motorola denies the allegations.

**6.**     **Response to "Negligence"**

6.1.     To the extent the allegations in paragraph 6.1 of the Petition are directed to Motorola, Motorola denies the allegations and denies it is liable to Plaintiffs for damages of any kind.  To the extent the allegations in paragraph 6.1 are directed to parties other than Motorola, Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Accordingly, Motorola denies the allegations.

**7.**     **Response to "Agency and Respondeat Superior Theories"**

7.1.     To the extent the allegations in paragraph 7.1 of the Petition are directed to Motorola, Motorola denies the allegations.  To the extent the allegations in paragraph 7.1 are directed to parties other than Motorola, Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Accordingly, Motorola denies the allegations.

**8.**     **Response to "Gross Negligence"**

8.1.     To the extent the allegations in paragraph 8.1 of the Petition are directed to Motorola, Motorola denies the allegations and denies it is liable to Plaintiffs for damages of any kind.  To the extent the allegations in paragraph 8.1 are directed to parties other than

Motorola, Motorola is without knowledge or information sufficient to form a belief as to

the truth of the allegations.  Accordingly, Motorola denies the allegations.

**9.      Response to "Breach of Warranty"**

9.1.    Motorola adopts and re-asserts each and every provision of this Answer as if

fully set out herein.

9.2.    To the extent the allegations in paragraph 9.2 of the Petition are directed to

Motorola, Motorola denies the allegations.  To the extent the allegations in paragraph 9.2

are directed to parties other than Motorola, Motorola is without knowledge or information

sufficient to form a belief as to the truth of the allegations.  Accordingly, Motorola denies

the allegations.

9.3.    To the extent the allegations in paragraph 9.3 of the Petition are directed to

Motorola, Motorola denies the allegations and denies it is liable to Plaintiffs for damages

of any kind.  To the extent the allegations in paragraph 9.3 are directed to parties other than

Motorola, Motorola is without knowledge or information sufficient to form a belief as to

the truth of the allegations.  Accordingly, Motorola denies the allegations.

**10.     Response to "Damages"**

10.1.   To the extent the allegations in paragraph 10.1 of the Petition are directed to

Motorola, Motorola denies it is liable to Plaintiffs for the damages sought in paragraph

10.1.  Motorola is without knowledge or information sufficient to form a belief as to the

truth of the remainder of the allegations in paragraph 10.1.  Accordingly, Motorola denies

the allegations.

10.2.   To the extent the allegations in paragraph 10.2 of the Petition are directed to Motorola, Motorola denies it is liable to Plaintiffs for damages of any kind.  To the extent the allegations in paragraph 10.2 are directed to parties other than Motorola, Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Accordingly, Motorola denies the allegations.

10.3.   Paragraph 10.3 of the Petition is a legal conclusion to which no response is required.  To the extent paragraph 10.3 can be construed as factual allegations, Motorola admits Plaintiffs seek recovery in excess of $1,000,000.  Motorola further states it is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 10.3.  Accordingly, Motorola denies the allegations at this time.

## 11.     Response to "Notice of Intent to Use Documents"

11.1.   Paragraph 11.1 of the Petition is a legal conclusion to which no response is required.   To the extent the contents of paragraph 11.1 can be construed as factual allegations, Motorola denies the allegations.

## 12.     Response to "Jury Demand"

12.1.   Motorola previously demanded a jury trial in accordance with state law and paid the jury fee.

Motorola denies the allegations in the "WHEREFORE" paragraph following paragraph 12.1 and denies it is liable to Plaintiffs for damages of any kind.

### General and Affirmative Defenses

**Second Defense:** All or part of Plaintiffs' wrongful death, survival, and other personal injury claims are barred by the statutes of limitations applicable to the claims.

**Third Defense:** Some party or parties other than Motorola, over whom Motorola exercised no control and for whom Motorola was not responsible, may have been the sole proximate cause of Plaintiffs' alleged injuries and damages.

**Fourth Defense:** The injuries and damages claimed by Plaintiffs, if any, may have resulted from an intervening or superseding cause or causes, and any act or omission on the part of Motorola was not the proximate or competent producing cause of such alleged injuries and damages.

**Fifth Defense:** The injuries and damages alleged by Plaintiffs, if any, may have been the result of unavoidable circumstances that could not have been prevented by any person, including Motorola.

**Sixth Defense:** Motorola invokes the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

**Seventh Defense:** Plaintiffs' claims and causes of action may be barred by comparative fault. Pursuant to Section 33.001 of the Texas Civil Practice and Remedies Code, if a plaintiff's percentage of responsibility is greater than fifty percent, then he or she may not recover damages, regardless of the theory of recovery pled.

**Eighth Defense:** Pursuant to Section 33.003 of the Texas Civil Practice and Remedies Code, Motorola requests the jury determine the percentage of responsibility for each plaintiff, each defendant, each third-party plaintiff or defendant, each cross-plaintiff

or defendant, each settling person, and each responsible third party with respect to each person's or entity's causing or contributing to in any way the harm for which recovery or damages is sought.

**Ninth Defense:** Pursuant to Section 33.012 of the Texas Civil Practice and Remedies Code, if Plaintiffs are not barred from recovery under Section 33.001, Motorola requests the Court reduce the amount of damages to be recovered by Plaintiffs by a percentage equal to each of their percentages of responsibility.

**Tenth Defense:** Motorola is entitled to a credit or offset for any and all sums Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and causes of action. Motorola alternatively asserts its right to a proportionate reduction of any damages based upon the percentage of negligence attributable to any settling tortfeasor under Texas law. Motorola further pleads any and all other offsets and/or credits allowed under the statutory and common laws of the State of Texas.

**Eleventh Defense:** Motorola invokes the provisions of Chapter 82 of the Texas Civil Practice and Remedies Code.

**Twelfth Defense:** The proof required for all "design defect" cases is governed by statute. Pursuant to Section 82.005 of the Texas Civil Practice and Remedies Code, Plaintiffs must prove by a preponderance of the evidence (1) there was a safer alternative design—as defined in Section 82.005(b)—and (2) the alleged defect was a producing cause of the damage for which Plaintiffs seek recovery. Motorola requests the Court instruct the jury on these statutory elements of a "design defect" case.

**Thirteenth Defense:** Plaintiffs' claims may also be barred because Motorola's product conformed to the technological, scientific, and industrial state of the art at the time the product was first sold.

**Fourteenth Defense:** Plaintiffs' claims and causes of action may be barred by their failure to provide notice to Motorola in accordance with Section 2.607 of the Texas Business and Commerce Code.

**Fifteenth Defense:** Motorola invokes all applicable contractual limitations and disclaimers of warranties and liability. Some such limitations and disclaimers are contained in the System Procurement Agreement by and between the City of Houston and Motorola dated October 10, 2008, including the "Disclaimer of Other Warranties."

**Sixteenth Defense:** Motorola invokes the provisions of Sections 18.091 and 41.0105 of the Texas Civil Practice and Remedies Code.

**Seventeenth Defense:** Plaintiffs' petition, to the extent it seeks recovery of exemplary or punitive damages under the facts and circumstances of this case, violates the Sixth Amendment of the United States Constitution because Motorola is not informed of the nature and cause of the accusations against it, and thus, the allegations are void for vagueness; violates the open courts provision of the Texas Constitution; violates Motorola's rights to substantive and procedural due process as provided in Article I, section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution; violates the due process clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Texas Constitution, and the common law and public policies of the State of Texas; violates Motorola's rights to equal protection

as provided in the Fourteenth Amendment to the United States Constitution and Article I, section 3 of the Texas Constitution; violates Motorola's rights to contract, as provided in Article I, section 10 of the United States Constitution and Article I, section 16 of the Texas Constitution; exposes Motorola to double jeopardy in violation of the Fifth Amendment of the United States Constitution and Article 1, section 14 of the Texas Constitution; constitutes an impermissible burden on interstate commerce in violation of Article I, section 8 of the United States Constitution; violates the separation of powers doctrine embodied in Article VI of the United States Constitution and Article II, section 1 of the Texas Constitution; and constitutes the imposition of an excessive fine in violation of Motorola's rights provided in the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution.

**Eighteenth Defense:** Chapter 41 of the Texas Civil Practice and Remedies Code, including specifically section 41.008, precludes or limits the ability of Plaintiff to recover exemplary damages, and Motorola invokes the limitations contained therein.

**Nineteenth Defense:** Motorola reserves the right to amend this Answer as needed.

## Responsible Third Parties

1.     Motorola denies it is legally liable to Plaintiffs, denies its product was defective, and denies its product caused Plaintiffs' alleged injuries or damages.  Plaintiffs' injuries or damages were caused by a massive five-alarm fire, the actions of settling defendants, and the actions of responsible third parties.

A.      **The Hotel and Restaurant as RTPs**

2.      This is not the first lawsuit Plaintiffs have filed arising from the Southwest

Inn fire of May 31, 2013.  Plaintiffs sued several persons and entities associated with the

Southwest Inn motel and Bhojan restaurant in *Sullivan, et al. v. Criterium Systems, Inc., et*

*al.*, No. 2015-31233, in the 189th Judicial District Court of Harris County, Texas, as well

as in *William R. Dowling, et al. v. Criterium Systems, Inc., et al.*, No. 2014-24121, in the

11th Judicial District Court of Harris County, Texas.  Specifically, Plaintiffs identified four

defendants who should now be considered responsible third parties:  (1) Criterium Systems,

Inc. d/b/a Southwest Inn; (2) Harendra Mathuria, Individually and d/b/a Bhojan a/k/a

Bhojan Indian Restaurant; (3) Shri Siddhivinayaka LLC; and (4) Roger Chen.  *Sullivan*

State Court Petition at ¶ 3.5-3.8.  All four are, collectively, the "Hotel and Restaurant

RTPs."

3.      Plaintiffs described the hotel and restaurant as a death trap.  "Plaintiffs died

and/or sustained significant injuries after they entered and/or was invited into a death-trap

created by [the Hotel and Restaurant RTPs] and/or of which they were aware."  *Sullivan*

State Court Petition at ¶ 5.2.  And Plaintiffs specifically pleaded at least 16 reasons why

the Hotel and Restaurant RTPs caused the harm for which Plaintiffs seek recovery of

damages in this case.

> a.     "the active and continuing negligence of the [Hotel and Restaurant RTPs];"
>
> b.     "failure of the [Hotel and Restaurant RTPs] to warn of dangerous conditions of which they had actual knowledge and of which Plaintiffs had no knowledge;"

-11-

c.    "failure of the [Hotel and Restaurant RTPs] to warn of dangerous conditions that they had created and of which Plaintiffs had no knowledge;"

d.    "[Hotel and Restaurant RTPs'] unlawful or unpermitted use of the property where Plaintiffs sustained significant injuries and/or perished;"

e.    "[Hotel and Restaurant RTPs'] flagrant and repeated failure to comply with non-delegable life/safety laws, rules and regulations intended to prevent structural failure and improper storage of highly flammable fuel sources;"

f.    "[Hotel and Restaurant RTPs'] engaging in unpermitted and unlawful operations and uses of the property that created actual dangerous conditions and failing to warn Plaintiffs of same;"

g.    "[Hotel and Restaurant RTPs'] compromising the structural integrity of the building without warning Plaintiffs of same;"

h.    "[Hotel and Restaurant RTPs'] stockpiling fuel sources inside a building that was not permitted or allowed to be used in such a fashion;"

i.    "[Hotel and Restaurant RTPs'] operating ignition sources in an unauthorized manner;"

j.    "[Hotel and Restaurant RTPs'] trespassing upon the permitted uses of the structure that injured Plaintiffs, and which trespass was a cause of Plaintiffs' damages;"

k.    "[Hotel and Restaurant RTPs'] trespassing upon the lawful or authorized uses of the building and/or negligently advising Plaintiffs after they arrived at the scene to enter the building because of the presence of others which was false or unsupported by the known facts;"

l.    "[Hotel and Restaurant RTPs'] compromising the structure in violation of applicable building and fire codes;"

m.    "[Hotel and Restaurant RTPs'] maintaining and/or installing roof coverings without proper inspections, engineering and/or lawful approval;"

n.   "[Hotel and Restaurant RTPs'] willfully and wantonly placing Plaintiffs' lives in peril without any warning or correction of dangerous conditions;"

o.   "[Hotel and Restaurant RTPs'] failing to comply with applicable laws and non-delegable duties;" and

p.   "[Hotel and Restaurant RTPs'] inviting Plaintiffs into a dangerous condition after their arrival on the premises." *Sullivan* State Court Petition at ¶ 5.2.

4.   Plaintiffs further pleaded the culpability of the individual Hotel and Restaurant RTPs for, among other things:

a.   "insisting on monies not being spent on needed repairs;"

b.   "alterations being made without legal authority;"

c.   "flagrantly disregarding city ordinances governing life/safety measures needed for operations on the premises;"

d.   "debating non-delegable responsibility for safety measure and compliance while endangering the public and Plaintiffs;"

e.   "instructing or permitting unlawful restaurant and motel operations on the property that were not authorized;"

f.   "disregarding the need for action to protect fuel sources from fire exposure;"

g.   "undercapitalizing operations to address lawful demands;" and

h.   "failing to make timely repairs and address fire hazards and defective equipment on the property." *Sullivan* State Court Petition at ¶ 6.3.

5.   Plaintiffs declared "all [the Hotel and Restaurant RTPs] liable for at least the following non-exhaustive conduct:"

a.   "controlling the operation and maintenance of defective equipment and fire hazards on the property;"

b.   "preventing necessary actions to address life/safety deficiencies;"

c.     "conspiring and encouraging the trespass upon and use of property not permitted for use;"

d.     "failing to remedy dangerous conditions and equipment and/or warn of their existence;"

e.     "refusing to repair the premises and equipment to address known or created dangerous conditions;"

f.     "continuing negligent conduct after Plaintiffs' arrival on the premises;"

g.     "negligently enticing or instructing Plaintiffs and others that people were inside the building to be reserved [sic];" and

h.     "repetitive . . . violat[tion] . . . of Houston Fire Code sections 107.1–107.5, 109.1, 901.4, 901.4.1, 901.4.2, 901.4.4, 901.6, 901.6.1, 902.6.2, 901.7, and 901.9; Appendix Le (Life Safety Code) section L 1 02.3; Houston Building Code sections 104(h), 106, 204, 302(a), Table 5D, 1706(a), Table 17A, 3304(g), 3304(h), 8926(0)I.(a); Appeals Board Guidelines sections 2C and 2D; Texas Accessibility Standards sections 4.1–4.35, 4.1.6, 4.28, 4.28.2, and 4.28.3; and City of Houston Ordinance 110 et seq." *Sullivan* State Court Petition at ¶¶ 6.4, 10.1.

6.     The Hotel and Restaurant RTPs further failed to timely alert the fire department of the fire, and failed to install a proper sprinkler system and smoke/fire alarm in the restaurant. *Dowling* State Court Petition, adopted by Plaintiffs, at ¶ 16.

7.     The actions and omissions of the Hotel and Restaurant RTPs constitute negligence, negligence per se, and premises liability. *Sullivan* State Court Petition at §§ VII-XI. *See also Dowling* State Court Petition at ¶¶ 14-53. The Hotel and Restaurant RTPs' actions and inactions omissions proximately caused Plaintiffs' alleged injuries and damages. Therefore, in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code, Motorola identifies the Hotel and Restaurant RTPs as responsible third parties.

**B.    The City of Houston as an RTP**

8.    The men and women of the City of Houston's fire department carry out their work bravely and heroically. The City has a duty to its firefighters to ensure firefighters can perform their jobs well and safely. Nevertheless, the City breached this duty and made a number of mistakes both before and during the fire. Among other things:

a.    The City did not have the proper fire ground operation procedures and policies in place to address many of the issues that arose during the fire. For example, the Houston Fire Department Southwest Inn Recovery Committee (SWIRC) Report makes a number of recommended changes related to radio communications, incident command, on-scene apparatus management, risk management, and other fire ground procedures and policies. SWIRC Report at 72-82.

b.    The City did not provide the firefighters proper equipment, including proper personal protective equipment. For example, the SWIRC Report notes that the firefighters' gloves at the time of the fire "[did] not provide good dexterity." SWIRC Report at 92-93.

c.    The City did not properly maintain or use the Grace Industries, Inc. accountability system. For example, following the Southwest Inn fire, the SWIRC Report recommends incident commanders use the Grace system to perform "Electronic PAR's [personal accountability reports]" for routine PAR checks in order to decrease radio traffic. SWIRC Report at 74, 114-15. In addition, the SWIRC report recommends, among other things, periodic training on the use of the Grace system, including training on "Keying" individual T-Pass devices during breaks in order to prevent the devices from going into "false T-Pass alarms that the 'Accountability Officer' was forced to manage" during the Southwest Inn fire. SWIRC Report at 113-15.

d.    The City did not have proper communication procedures and policies in place to effectively use its communication equipment. Following the Southwest Inn fire, the SWIRC Report made a number of recommendations related to updated radio policies and procedures. Those recommendations include, for example, the need "to develop a comprehensive training program that reduces radio transmission time and is based on strong radio discipline," SWIRC Report at 79; "not us[ing] the radio to conduct conversations that would be more appropriate face to face," SWIRC Report at 72; and updating radio

communication guidelines to include, for example, the use of multiple talk groups, SWIRC report at 101.

e.     The City did not properly address or warn rescue firefighter Robert Yarbrough regarding the "floating wall" which ultimately collapsed during the fire.

9.     These acts or omissions constitute negligence on the part of the City of Houston.  The City's actions and omissions proximately caused Plaintiffs' alleged injuries and damages.  Therefore, in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code, Motorola identifies the City of Houston as a responsible third party.

## Jury Demand

10.     Motorola previously demanded a jury trial in accordance with state law and paid the jury fee.  *See* Motorola's Answer, ECF No. 1-4, at ¶ 16.  *Cf.* FED. R. CIV. P. 81(c)(3)(A).

## Prayer

11.     Motorola requests a take-nothing judgment be entered against Plaintiffs, that Motorola be awarded its costs of suit, and that Motorola receive any and all further relief to which it is justly entitled.

Respectfully submitted,

By:  */s/ Matthew E. Coveler*
     Matthew E. Coveler
     State Bar No. 24012462
     S.D. No. 24130
Attorney-In-Charge
7500 San Felipe, Suite 500
Houston, Texas 77063
Telephone:  (713) 244-0800
Facsimile:  (713) 244-0801
matthew.coveler@wtllaw.com

OF COUNSEL:

WEINSTEIN TIPPETTS & LITTLE LLP
Ben T. Zinnecker
State Bar No. 24066504
S.D. No. 1269224
ben.zinnecker@wtllaw.com

**Attorneys for Defendant**
**Motorola Solutions, Inc. f/k/a Motorola, Inc.**

## Certificate of Service

This instrument was served on the following counsel in compliance with Rule 5 of

the Federal Rules of Civil Procedure on October 10, 2016:

Benjamin L. Hall, III                                            *Via CM/ECF*
THE HALL LAW FIRM
530 Lovett Blvd.
Houston, TX  77006
(713) 942-9566 (fax)
bhall@bhalllawfirm.com
– and –
Levi J. Benton
LEVI BENTON & ASSOCIATES
3417 Milam
Houston, TX  77002
(713) 521-1717 (fax)
lbenton@levibenton.com
– and –
Roy Camberg
THE CAMBERG LAW FIRM, P.C.
El Camino Real, Suite 444
Houston, TX  77058
(281) 486-4695 (fax)
roy@camberglawfirm.com
*Counsel for Plaintiffs*

P. Randall Crump                                                 *Via CM/ECF*
SHOOK, HARDY & BACON L.L.P.
600 Travis Street, Suite 3400
Houston, TX 77002-2926
(713) 227-9508 (fax)
pcrump@shb.com
– and –
Jeffrey E. Elkins                                                *Via CM/ECF*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
jelkins@shb.com
*Counsel for Defendant Scott Technologies, Inc. d/b/a Scott Safety*

T. Deon Warner                                                    *Via U.S. Mail*
WARNER AND ASSOCIATES PLLC
550 Westcott Street, Suite 415
Houston, Texas  77007
(713) 422-2309 (fax)
deon@warnerandassociates.com
*Counsel for Defendant Access Data Supply, Inc.*

Elliott M. Cin                                                    *Via CM/ECF*
1770 St. James Pl., Suite 120
Houston, Texas  77056
(713) 961-4111 (fax)
elliottcin@yahoo.com
*Counsel for Putative Plaintiff-Intervenor Jack Sullivan*

                        */s/ Matthew E. Coveler*
                        Matthew E. Coveler