United States District Court
Southern District of Texas

**ENTERED**

March 30, 2017

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SABINA BEBEE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-763 |
| | § | |
| MOTOROLA SOLUTIONS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court is Defendant Scott Technologies, Inc.'s ("Scott's") Motion to Dismiss (Document Nos. 14, 15). Plaintiffs have filed a Response (Document No. 19), and Scott filed a Reply. (Document No. 21). Having reviewed these filings, the facts, and the relevant law, the Court determines that Scott's Motion to Dismiss (Document No. 14) will be granted.

Background

Plaintiffs' claims in this suit arise from a motel fire on May 31, 2013, which severely injured or killed several responding firefighters. (Document No. 1-3 at 4). During the fire, Plaintiffs Robert Bebee, Robert Garner, Anne Sullivan and Matthew Renaud died, and Robert Yarbrough was severely injured. *Id*. Therefore Plaintiffs Sabina Bebee, Nicole Garner, Mary Sullivan, and David Renaud have brought suit individually and as representatives of the decedent's estates. *Id*. at 1. The wife of Robert Yarbrough, Amy Yarbrough, and the parents of Matthew Renaud, Xavier Renaud and Barbara Perez, have also brought suit. *Id*. at 1-2. Plaintiffs originally filed this suit in state court, on February 8, 2016, and amended their petition on March 10, 2016. Plaintiffs generally allege that Motorola and "Scott Safety system radios and components" used by the firefighters were defective, and caused or contributed to their deaths

1 / 6

and injuries. *Id*. at 4-5. Therefore, Plaintiffs have brought claims against Scott regarding "(a) design, marketing and product defects with respect to the radios designed, marketed, and/or instructed in their use by the defendants in this case, (b) negligence, (c) gross negligence, (d) breach of express and implied warranties, and (e) deceptive trade practices under the Texas Deceptive Trade Practices Act (the 'DTPA')." (Document No. 19 at 2; Document No. 1-3 at 9-12). In response to Plaintiffs' claims, Scott has filed a Motion to Dismiss under Rule 12(b)(6). (Document No. 14).

Standard of Review

"A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute." *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 434 (S.D. Tex. 2016) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). The statute of limitations is a strict deadline, and the Court will dismiss suits "filed even a few days after the limitations date." *Id*. (citations omitted).

Discussion

*Personal injury and wrongful death claims*

Defendant Scott argues that Plaintiffs' personal injury and wrongful death claims are barred by the statute of limitations. (Document No. 15 at 2). Texas has a two-year statute of limitations for personal injury and wrongful death claims:

> (a) Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.
> (b) A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

Tex. Civ. Prac. & Rem. Code Ann. § 16.003. The statute of limitations begins to run when the action accrues, which occurs "when the legal wrong is completed and the plaintiff is entitled to commence suit, even if the party is unaware of the wrong." *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999) (citation omitted). Because Plaintiffs' personal injury and wrongful death claims accrued on the date of the fire, May 31, 2013, Scott argues that the claims are barred by the two-year statute of limitations.

Plaintiffs do not contest the application of this statute of limitations to the Yarbrough Plaintiffs. (Document No. 19 at 5). However, Plaintiffs argue that the claims of the other Plaintiffs were tolled for one year after the fire, due to their deaths. *Id*. Texas law provides:

> (a) The death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death.
> (b) If an executor or administrator of a decedent's estate qualifies before the expiration of the period provided by this section, the statute of limitations begins to run at the time of the qualification.

Tex. Civ. Prac. & Rem. Code Ann. § 16.062. However, this statute does not apply to wrongful death actions. *Sowell v. Dresser Indus., Inc.*, 866 S.W.2d 803, 806 (Tex. App.-Beaumont 1993, writ denied), ("Section 16.003 is not tolled or extended for an additional year or part thereof under Tex.Civ.Prac. & Rem.Code Ann. § 16.062 (Vernon 1986) for the reason that under decisional law section 16.062 simply has no application to wrongful death claims.") (citing *Rascoe v. Anabtawi,* 730 S.W.2d 460 (Tex. App.—Beaumont 1987, no writ)). Therefore Plaintiffs' argument fails, and each Plaintiff's wrongful death claim is barred by the statute of limitations.[1]

---

[1] Although Mary Sullivan has not demonstrated standing to sue for personal injury on behalf of Anne Sullivan (discussed below), there does not seem to be any dispute that she is Anne Sullivan's mother, and therefore would have had standing to sue for wrongful death, if not for the expiration of the statute of limitations. *See* Tex. Civ. Prac.

Furthermore, Plaintiffs fail to factor section (b) of this statute into their argument. According to this section, the statute of limitations for a decedent Plaintiff can be extended up to one year, but the statute of limitations will begin to run before the end of the one-year extension period upon qualification of an executor or administrator. Robert Bebee's administrator qualified on November 13, 2013, Robert Garner's administrator qualified on September 17, 2013, and Matthew Renaud's personal representative qualified on September 25, 2013. (Document Nos. 21-2, 21-3, 21-4). The statute of limitations began running for each on the date of qualification, and therefore expired before this case was filed in February 2016. Thus any personal injury claims relating to these Plaintiffs are barred by the statute of limitations.

Finally, Scott argues that Plaintiffs have not pled any information or belief that Mary Sullivan has standing to sue for Anne Sullivan.[2] (Document No. 21 at 6). Under Texas law, "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code Ann. § 71.021(b). Without information that Mary Sullivan is a legal representative or heir of Anne Sullivan, Mary Sullivan does not have standing to sue for personal injury on Anne Sullivan's behalf. *See Ford Motor Co. v. Cammack*, 999 S.W.2d 1, 4–5 (Tex. App.- Houston [14th Dist.] 1998, pet. denied) ("[T]he right of an heir to bring a survival action is a standing issue.") (citations omitted). Scott notes that it has "been unable to determine when or if a personal representative has qualified for Ms. Sullivan's estate." (Document No. 21 at 7 n. 17).[3] Upon review of the pleadings, the Court has similarly been unable to determine whether a personal representative has qualified for Anne Sullivan's estate, or

---

& Rem. Code Ann. § 71.004(a) ("An action to recover damages as provided by this subchapter [on wrongful death] is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.").

[2] The portion of Scott's Motion regarding standing is an issue of subject matter jurisdiction, and therefore should have been brought pursuant to Rule 12(b)(1), not Rule 12(b)(6).

[3] For the other Plaintiffs, Scott was able to find relevant orders from the Probate Court. (*See* Document Nos. 21-2, 21-3, 21-4).

whether Mary Sullivan is an heir to Anne Sullivan. Plaintiffs have not provided any information on this issue in response to Scott's arguments. The burden is on Plaintiffs to demonstrate subject matter jurisdiction, and here they have failed to make any arguments that Mary Sullivan is entitled to bring a claim on behalf of Anne Sullivan. *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citation omitted); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). Therefore, Mary Sullivan does not have standing to sue upon the facts currently before the Court, and her personal injury claims will be dismissed due to this Court's lack of subject matter jurisdiction.

*DTPA claims*

Scott similarly argues that Plaintiffs' DTPA claims are barred by the statute of limitations. Texas also has a two-year statute of limitations for DTPA claims:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. The period of limitation provided in this section may be extended for a period of 180 days if the plaintiff proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action.

Tex. Bus. & Com. Code Ann. § 17.565. Assuming that any deceptive acts or practices took place before the fire, Plaintiffs' claims accrued by May 31, 2013 at the latest, and are barred by this statute of limitations.[4] Plaintiffs again cite § 16.062 to argue that the statute of limitations for the decedent Plaintiffs was tolled. However, as explained above, this statute does not extend the statute of limitations long enough for Bebee, Garner, and Renaud's claims to survive.[5] And, as above, Plaintiff Mary Sullivan has not demonstrated that she has standing to sue on behalf of Anne Sullivan. Therefore the Court lacks subject matter jurisdiction over her claims.

---

[4] Plaintiffs have not made any contrary arguments.
[5] Nor does it apply to Yarbrough's claims.

5 / 6

*Breach of warranty claims*

Scott does not mention the breach of warranty claims against it in any of its filings, nor does it request dismissal of those claims. Therefore, those claims remain pending.

<u>Conclusion</u>

Defendant Scott's Motion to Dismiss (Document No. 14) will be granted. The wrongful death, personal injury, and DTPA claims of the Bebee, Garner, Renaud, and Yarbrough Plaintiffs, and the wrongful death claim of Mary Sullivan, are barred by the statute of limitations, and therefore will be dismissed with prejudice. However, because the dismissal of Mary Sullivan's personal injury and DTPA claims is due to lack of standing, those claims will be dismissed without prejudice. *See Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice.").  Therefore the Court hereby

ORDERS that Defendant Scott's Motion (Document No. 14) is GRANTED.

SIGNED at Houston, Texas, this 29th day of March, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE