Case 4:16-cv-00763   Document 46   Filed in TXSD on 03/29/17   Page 1 of 11

United States District Court
Southern District of Texas

**ENTERED**
March 30, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SABINA BEBEE, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-763 |
| § | |
| MOTOROLA SOLUTIONS, INC., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Before the Court is Plaintiffs' Motion to Remand (Document No. 16). Defendant Motorola filed a Response (Document No. 20), and Plaintiffs filed a Reply. (Document No. 22). Having considered these filings, the facts in the record, and the applicable law, the Court will deny Plaintiffs' Motion.

**Background**

This case is one of several cases pending relating to a May 31, 2013 fire at the Southwest Inn in Houston, Texas (the "Motel Fire"). (Document No. 16 at 3). Plaintiff Bebee is the mother of a firefighter who died in the Motel Fire, and the other Bebee Plaintiffs are also acting on behalf of firefighters killed or injured in the Motel Fire. *Id*. Plaintiffs generally allege that defective Motorola radios used by the firefighters caused or contributed to their deaths and injuries. A summary of the relevant lawsuits is as follows:

<u>Lawsuit 1</u> – *Dowling v. Criterium Systems, Inc*. was filed in May 2014 (11th Judicial District Court, Cause No. 2014- 25121). Dowling was a firefighter injured in the Motel Fire. (Document No. 16 at 3). The Bebee Plaintiffs intervened in June 2014 and May 2015. (Document Nos. 20-2 – 20-6).

<u>Lawsuit 2</u> – *Livesay v. Motorola Solutions, Inc.* was filed in May 2015 (125th

Judicial District Court, Cause No. 2015-31080). Livesay, also a firefighter, is not a party to this case. The Bebee Plaintiffs intervened in *Livesay* in January 2016 (Document No. 20-9), but that intervention was struck on February 15, 2016. (Document No. 20-11 at 2).

<u>Lawsuit 3</u> – *Sullivan v. Criterium Systems, Inc.* was filed by the Bebee Plaintiffs in June 2015 (189th Judicial District Court, Cause No. 2015- 31233). (Document No. 20-7). The Bebee Plaintiffs moved to consolidate *Dowling* and *Sullivan* in June 2015. (Document No. 20-8).

<u>Lawsuit 4</u> – *Bebee* (the removed case at issue).

Plaintiffs originally filed this action on February 8, 2016 in the 11th Judicial District Court in Harris County, Texas. (Document No. 1-2, Plaintiffs' Original Petition; Document No. 20-13, *Bebee* Docket Sheet). On February 16, 2016, Plaintiffs filed a Motion in the *Livesay* litigation, asking the Court to consolidate *Livesay* and *Bebee* for discovery purposes. (Document No. 20-11). Defendant Motorola Solutions Inc. ("Motorola"), believing that consolidation into the second-filed case would be improper, then, on February 17, 2016, filed a Motion to Transfer and Consolidate in *Dowling* to consolidate all fire-related suits (suits 1, 2 and 4, above) into *Dowling*. (Document No. 16-11).[1] On February 22, 2016, the Bebee Plaintiffs served Motorola. (Document No. 20-1). On February 26, 2016, Motorola filed a reply in support of its consolidation motion in both *Dowling* and *Bebee* (both in the 11th District Court). (Document Nos. 20-12, 20-13). On February 29, 2016, the *Dowling* Court, the 11th District Court, heard Motorola's motion, but declined to transfer any of the cases. (Document No. 20-14, Hearing Transcript). On March 23, 2016, Motorola filed its Notice of Removal to this Court. (Document No. 1). Defendant Scott filed a Consent to Removal on March 24, 2016. (Document No. 4).

---

[1] "[A] motion to consolidate cases must be heard in the court where the first filed case is pending. If the motion is granted, the consolidated case will be given the number of the first filed case and assigned to that court." Tx R Harris Cty Dist Civ Rule 3.2.

In addition to Defendant Motorola, Plaintiffs have filed suit against two in-state defendants:[2] Access Data Supply, Inc. ("ADSI") and CTS Consolidated Telecom Services, LLC ("CTS"). (Document No. 1-2). Plaintiffs' claims against all Defendants, including ADSI and CTS, allege (1) design marketing and product defect claims, (2) negligence, (3) gross negligence, and (4) breach of warranty. *Id*. at 8-10. Plaintiffs state that ADSI "engaged in marketing, servicing, and/or assisting in the provision and use of the Motorola products involved in the deaths and injuries to the plaintiffs alleged in this suit." *Id*. at 3. Plaintiffs state that CTS "engaged in the marketing, servicing, provision and use of the Motorola products and advertising complained about in this case and contributing to the deaths and injuries of plaintiffs alleged in this suit." *Id*. at 4. Plaintiffs state that both "Defendants ADSI and CTS agreed to serve as subcontractors to partner with the other defendants to market, integrate and provide processing and instructions regarding Motorola's defective radio system." *Id*. at 7. The remainder of Plaintiffs' allegations do not mention ADSI or CTS specifically.

**Parties' Arguments**

Plaintiffs argue that Motorola waived service of process in the *Bebee* case, by filing its Motion to Transfer and Consolidate in the *Dowling* case. (Document No. 16 at 7). According to Plaintiffs, the filing of that motion waived service of process, and started the 30-day removal clock. *Id*. at 9. If the clock was started on the date the motion was filed (February 17, 2016), then Motorola's Notice of Removal (March 23, 2016) was not within the 30-day time period, and removal was improper. Motorola objects to this, insisting that the motion did not start the removal clock, because it was filed in another case. (Document No. 20 at 4). Furthermore, Motorola argues that the filing of a motion cannot constitute an appearance in a case, and

---

[2] The Court will limit this discussion to the in-state defendants, because only the claims against them are relevant to the improper joinder analysis.

therefore cannot waive service of process. *Id*. at 7.

Defendant Motorola also argues that in-state Defendants ADSI and CTS have been improperly joined in this case, because "Plaintiffs both misstate and omit discrete facts in their Petition." (Document No. 20 at 10-12). Motorola attaches evidence to its Response which it believes negates any possibility of liability on the part of Defendants ADSI and CTS, by demonstrating that neither CTS nor ADSI committed the acts alleged by Plaintiffs. *Id*. at 13. Therefore, "Motorola requests the court 'pierce the pleadings,' consider the attached affidavit and declarations, and dismiss ADSI and CTS from the lawsuit." *Id*. at 10.

**Discussion**

*Timeliness of Removal*

Any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. 28 U.S.C. § 1441(a). However, "[a] district court shall remand a case 'if the court lacks subject matter jurisdiction over the case, or on timely motion if there is a defect in the removal procedure.'" *Campos v. U.S. Bank Nat. Ass'n*, No. 4:12-CV-2236, 2012 WL 5828619, at *2 (S.D. Tex. Nov. 13, 2012) (quoting *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993)). The removing party bears the burden of proving that removal was proper, and all ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C.A. § 1446(b). The Supreme Court has explained that the 30 day clock begins running at the date of the formal service of process, "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344, 344 (1999). The basis for this holding is that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant. In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. […] Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id*. at 344-345. Courts have interpreted this language to mean that the 30 day clock can begin to run upon formal service, or upon waiver of service. *George-Baunchand v. Wells Fargo Home Mortgage, Inc.,* No. CIV.A. H-10-3828, 2010 WL 5173004, at *3–4 (S.D. Tex. Dec. 14, 2010) (where defendant was never formally served, removal deadline began on the date that defendant voluntarily waived service by filing an answer); *Cerda v. 2004-EQRI, LLC*, No. SA-07-CV-632-XR, 2007 WL 2892000, at *3 (W.D. Tex. Oct. 1, 2007), *aff'd sub nom*. *Cerda v. 2004-EQR1 L.L.C.*, 612 F.3d 781 (5th Cir. 2010) (same); *Prescott v. Mem'l Med. Ctr.-Livingston*, No. 9:00CV-00025, 2000 WL 532035, at *2–3 (E.D. Tex. Mar. 25, 2000) (same).³ Although the removal deadline is federal law, service of process is "defined by state law," and therefore the Court will look to Texas law to determine whether Motorola waived its right to service. *City of Clarksdale v. BellSouth*

---

³ Plaintiffs state that "several courts have acknowledged under *Murphy Bros*. § 1446(b)(1)'s 30-day removal clock begins ticking upon the *earlier* of (1) actual service of citation and complaint upon the removing party, or (2) waiver or service by the removing defendant under state law." (Document No. 16 at 7) (emphasis added) (citing *DiLoreto v. Costigan*, 351 F.Appx. 747, 751-2 (3rd Cir. 2009); *Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, No. 02 CIV. 6438 (SAS), 2002 WL 31509881, *3 (S.D.N.Y. Nov. 6, 2002); *Russell v. Gordon*, No. CV-12-0514-JLQ, 2012 WL 4793651, *4 (E.D. Wash. Oct. 9, 2012); *Marina Bay Towers Urban Renewal II, L.P. v. City of N. Wildwood*, No. CIVA 09-369 NLH KHW, 2009 WL 2568203, *3 (D.N.J. Aug. 13, 2009)). However, none of these cases stand for that exact proposition, because none contained a situation where, as here, Defendant may have waived service *before* formal service was executed. In each of these cases, as well as the Texas cases cited above, formal service was never accomplished. Therefore the courts held that waiver of service could begin the 30 day clock, but not that it necessarily does so prior to formal service. The Court could not locate any case law with these same facts, but believes that the clock should start at the earlier of waiver or formal service, because either allows the court to "exercise power over a party the complaint names as a defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344 (1999)

*Telecommunications, Inc.*, 428 F.3d 206, 210–11 (5th Cir. 2005).

Under Texas law, a defendant may waive service (and therefore start the 30-day removal clock) by entering an appearance: "The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law." Tex. R. Civ. P. 120. *See also Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1340–41 (5th Cir. 1996) (explaining that general appearance waives service); *Bloom v. Bloom*, 935 S.W.2d 942, 946–47 (Tex. App.- San Antonio 1996, no writ) ("[D]efective service can be and is waived by the filing of a general appearance.") (citation omitted); *White v. Zoning Bd. of Adjustment of City of Arlington*, 363 S.W.2d 955, 959 (Tex. Civ. App.- Fort Worth 1962, writ denied) ("It is well settled that a party's appearance in a civil action amounts to a waiver of service or of any irregularity therein.") (citation omitted). "A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction. In determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Jones*, 82 F.3d at 1340 (internal citations omitted). *See also Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998) ("A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court, that is a general appearance.") (quoting *Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex. App.- El Paso, writ denied)).

Motorola is incorrect in its argument that filing a motion never qualifies as making a general appearance. Filing of certain motions has been found to constitute a general appearance

in a case. For example, the Fifth Circuit has held that a motion to strike intervention was a general appearance, because it was "an affirmative act recognizing the court's jurisdiction." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1340–41 (5th Cir. 1996) (interpreting Texas law) (citations omitted). Cf. *Maiz v. Virani*, 311 F.3d 334, 341 (5th Cir. 2002) (Parties did not take affirmative action, and therefore did not make a general appearance, where they did not file their own motions requesting a beneficial ruling from the trial court). Texas courts have made the same finding. *Grynberg v. M-I L.L.C.*, 398 S.W.3d 864, 879 (Tex. App.-Corpus Christi 2012, no pet.) (motion for a new trial constituted a general appearance); *Fridl v. Cook*, 908 S.W.2d 507, 515 (Tex. App.- El Paso 1995, writ requested) (motion to compel arbitration and stay litigation constituted a general appearance). Compare *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 306 (Tex. 2004) (rule 11 agreement extending defendant's time to file an initial responsive pleading was not a general appearance); *Dawson-Austin*, 968 S.W.2d at 323 (motion for a continuance did not request affirmative relief, and was not a general appearance).

It is possible that this logic could be extended to a motion to transfer.[4] However, the fact remains that Motorola filed the Motion to Transfer in the *Dowling* litigation, not in *Bebee*. This was required by Harris County rules: "[A] motion to consolidate cases must be heard in the court where the first filed case is pending. If the motion is granted, the consolidated case will be given the number of the first filed case and assigned to that court." Tx R Harris Cty Dist Civ Rule 3.2. Under this rule, the Motion to Transfer had to be heard by the *Dowling* court. For that reason, Motorola did not request affirmative relief from, or acknowledge the jurisdiction of, the *Bebee* court. Because Motorola did not make a general appearance in *Bebee*, the removal clock did not begin until Motorola was served on February 22, 2016. (Document No. 20-1). Motorola filed its

---

[4] *Garcia v. SSP Partners*, No. CIV.A. C-06-385, 2006 WL 2850066, at *6 (S.D. Tex. Oct. 3, 2006) (in determining whether defendants had waived their right of removal, the court described a motion to transfer and consolidate as "affirmative relief").

Notice of Removal on March 23, 2016, less than 30 days later. (Document No. 1). Therefore Motorola's removal of the case was timely.

*Improper Joinder*

As stated above, under § 1441(b)(2), where original federal jurisdiction would be based on diversity of citizenship, a defendant may remove such an action only if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." An *improperly* joined party, however, is disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Improper joinder may be established by showing either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendants, in this case Defendants ADSI and CTS, in state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

The second prong, inability to establish a cause of action against the non-diverse defendant in state court, is at issue here. "The court should not focus on the *probability* that the plaintiff will prevail on the merits against the non-diverse defendant. Rather, the court seeks only a reasonable *possibility* of recovery against the non-diverse defendant." *Centaurus GF Cove, LLC v. Lexington Ins. Co.*, No. CIV. A. H-10-836, 2010 WL 2710390, at *2 (S.D. Tex. July 7, 2010) (citation omitted). In determining reasonable possibility, "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. However, "there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.

In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry," in order to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-4. Examples would be instances where: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 574 n. 12. When piercing the pleadings in a fraudulent joinder case, the Court uses a standard similar to summary judgment: it resolves disputed questions of fact in favor of the non-moving party, but "the mere assertion of 'metaphysical doubt as to the material facts' is insufficient to create an issue if there is no basis for those facts." *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393–94 (5th Cir. 2000) (citations omitted).

Defendant Motorola argues that piercing the pleadings is appropriate in this case, because Plaintiffs have misstated or omitted facts in their allegations against ADSI and CTS. (Document No. 20 at 10). Specifically, Defendant submits evidence, which it believes demonstrates that:

> a. Neither ADSI nor CTS has, at any time, "engaged in marketing, servicing, and/or assisting in the provision and use of the Motorola products" at issue in Plaintiffs' Petition. See Ex. P[5] ¶¶ 5-7; Ex. Q[6] ¶¶ 5-7; Ex. R[7] ¶¶ 4-6.
> b. Neither ADSI nor CTS served, or agreed to serve, as a subcontractor to "market, integrate, train [or] provide processing and instructions regarding the [Motorola] radio system." See Ex. P ¶¶ 8-11; Ex. Q ¶¶ 8-11; Ex. R ¶¶ 7-10.
> c. Neither ADSI nor CTS designed, manufactured, programmed, sold, or repaired any product or any aspect of the Motorola radio system at issue in Plaintiffs' Petition. Ex. P ¶¶ 12-15, 18; Ex. Q ¶¶ 12-15, 18; Ex. R ¶¶ 11-14, 17.
> d. Neither ADSI nor CTS advertised, marketed, made any representations with respect to, or provided training or warnings with respect to, any product or any aspect of the Motorola radio system at issue in Plaintiffs' Petition. Ex. P ¶¶ 16-17, 19; Ex. Q ¶¶ 16-17, 19; Ex. R ¶¶ 15-16, 18.
> e. Neither ADSI nor CTS warranted any product or any aspect of the Motorola radio

---

[5] Exhibit P is the Affidavit of Andrea Reneé Logans, president and CEO of ADSI.
[6] Exhibit Q is the Declaration of Pam Faver, owner of CTS.
[7] Exhibit R is the Declaration of Brent Vincent, Project Director at Motorola responsible for the City of Houston radio project.

> system at issue in Plaintiffs' Petition. Ex. P ¶ 20; Ex. Q ¶ 20; Ex. R ¶¶ 19.
> f. Neither ADSI nor CTS blueprinted, assembled, tested, or installed any aspect of the Motorola equipment or electronics at issue in Plaintiffs' Petition. Ex. P ¶ 21; Ex. Q ¶¶ 21, 23-24, 26; Ex. R ¶¶ 20- 21, 27-28, 30.

*Id*. at 12-13. "ADSI's role with respect to the project was limited to three areas: (a) providing a warehouse, (b) providing project management for a microwave back-haul system, and (c) coordinating logistics, in particular setting a time and location, for the installation of equipment in City of Houston vehicles." (Document No. 20, Exhibit P, at 3). "CTS's role with respect to the project was limited to: (a) performing structural analyses of existing towers, and (b) engineering and constructing new towers and/or shelters." (Document No. 20, Exhibit Q, at 3).

The Court agrees that this evidence demonstrates that Plaintiffs misstated or omitted discrete facts in their petition; therefore piercing the pleadings is appropriate.[8] According to the evidence submitted by Motorola, Defendants ADSI and CTS did not engage in marketing, servicing, advertising, training, or provision of the relevant Motorola products, as alleged in Plaintiffs' petition. (Document No. 1-2). In fact, both ADSI and CTS's roles were related only tangentially to the radio system at issue in this case.

Plaintiffs attempt to cite evidence disproving these affidavits, including statements from ADSI's website (Document No. 16, Exhibit A-19), and the Statement of Work in the Contract between Motorola and the City of Houston. (Document No. 16, Exhibit A-17). However, none of these documents submitted by Plaintiffs discredit the affidavits, nor do they demonstrate that ADSI and CTS's role included the actions alleged by Plaintiffs. For example, the Statement of Work only demonstrates that ADSI's role included "subscriber management" and that CTS's role included "civil work and microwave" and "project administration." *Id*. at 2. This does not

---

[8] This situation is analogous to the treating doctor in the *Smallwood* case, as here affidavits can (and do) demonstrate that ADSI and CTS did not engage in the activities alleged by Plaintiffs. *Garcia v. LG Elecs. USA Inc.*, No. CIV.A. B-11-61, 2011 WL 2517141, at *4 (S.D. Tex. June 23, 2011).

discredit or conflict with the affidavits, or demonstrate that any of these roles consisted of the actions alleged by Plaintiffs. ADSI's website states that it was involved in "ensur[ing] the project scope and all change orders for contract compliance." (Document No. 16, Exhibit A-19 at 1). This also does not conflict with the affidavit, nor does it demonstrate that ADSI's role consisted of the actions alleged in Plaintiffs' petition. The Court therefore finds that Plaintiffs' allegations are unsupported by the facts, and Plaintiffs do not have a reasonable possibility of recovery against either ADSI or CTS. Both ADSI and CTS will be dismissed from this case. *See Badon*, 224 F.3d at 393 (finding that plaintiff's claim against defendants was fraudulent, where "[t]he affidavits of the two in-state distributor defendants completely negate[d] their being a party to any conspiracy such as alleged in the amended complaint."); *Garcia v. LG Elecs. USA Inc.*, No. CIV.A. B-11-61, 2011 WL 2517141, at *4-7 (S.D. Tex. June 23, 2011) (denying remand when an in-state product retailer testified it did not design or manufacture the subject product). Without Defendants ADSI and CTS, there are no in-state defendants, and removal was proper. Therefore Plaintiffs' Motion to Remand (Document No. 16) will be denied.

**Conclusion**

For the reasons stated above, the Court hereby

ORDERS Plaintiffs' Motion to Remand (Document No. 16) is DENIED. Furthermore Defendants ADSI and CTS will be DISMISSED from this action.

SIGNED at Houston, Texas, this 29th day of March, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE