IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SABINA BEBEE, MARY SULLIVAN, NICOLE GARNER, AMY YARBROUGH, ROBERT YARBROUGH, DAVID RENAUD, XAVIER RENAUD, AND BARBARA PEREZ, <br><br> PLAINTIFFS, <br><br> VS. <br><br> MOTOROLA SOLUTIONS, INC., SCOTT SAFETY, INC., SCOTT HEALTH AND SAFETY, INC., MOTOROLA, INC., ACCESS DATA SUPPLY, INC., AND CTS CONSOLIDATED TELECOM SERVICES, LLC, <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 4:16-cv-00763 <br><br> Jury Requested |

**BRIEF IN SUPPORT OF SCOTT TECHNOLOGIES, INC.'S**
<u>**MOTION TO DISMISS**</u>

Defendant Scott Technologies, Inc. ("Scott")[1] respectfully submits the following in support of its Motion to Dismiss[2] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6):

---

[1] Improperly named as Scott Safety, Inc. and Scott Health and Safety, Inc.

[2] On March 29, 2017, the Court entered its Order and Opinion [Doc. # 45] granting Scott's Motion to Dismiss Plaintiffs' First Amended Original Petition [Docs. # 14, 15, and 21]. Scott notes that because Intervenor-Plaintiff Jack Sullivan's Petition in Intervention mimics Plaintiffs' First Amended Original Petition, this Motion to Dismiss effectively asserts the same grounds for dismissal, in relevant part, as the motion just granted [Doc. #45]. Additionally, this Motion also addresses the Petition in Intervention's novel third-party beneficiary claim, a claim that Plaintiffs' First Amended Original Petition does not include.

I.  **INTRODUCTION**

This case stems from a May 31, 2013 fire rescue operation by the Houston Fire Department involving firefighters: Robert Bebee, Robert Garner, Anne Sullivan, Robert Yarbrough, and Matthew Renaud. Over three years later, on July 21, 2016, Intervenor-Plaintiff Jack Sullivan ("Intervenor-Plaintiff") filed his Petition in Intervention,[3] against multiple defendants including Scott, generally alleging personal injury and wrongful death claims based on various forms of negligence, deceptive trade practices, and breaches of warranties concerning the firefighter equipment worn by Anne Sullivan. Consequently, Intervenor-Plaintiff's untimely claims should be dismissed for failure to state a claim against Scott because the applicable two-year statutes of limitations have expired and no tolling statute saves Intervenor-Plaintiff's untimeliness. Also, the newly asserted third-party beneficiary claim fails to state essential elements, i.e., Intervenor-Plaintiff's assertions do not support that Scott and the City of Houston contracted to directly benefit Anne Sullivan, and therefore fails as a matter of law.

II.  **INTERVENOR-PLAINTIFF'S CLAIMS ARE TIME-BARRED**

A court should dismiss a petition under Federal Rule of Civil Procedure 12(b)(6) when it "fails to state a legally cognizable claim."[4] When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations of the [petition] as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor."[5]

Even accepting the facts as alleged in Intervenor-Plaintiff's Petition in Intervention as true, any personal injury, wrongful death, and deceptive trade practices claims implicating the

---

[3] On March 10, 2017, the Court granted Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41].

[4] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[5] *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 818 (S.D. Tex. 2004) (citing *Cloud v. United States*, 536 U.S. 960 (2002)).

firefighter equipment worn by Anne Sullivan are barred by the applicable two-year statutes of limitations,[6] despite the application of Tex. Civ. Prac. & Rem. Code Ann. § 16.062.

### A. INTERVENOR-PLAINTIFF'S PERSONAL INJURY AND WRONGFUL DEATH CLAIMS ARE TIME-BARRED

The incident giving rise to Intervenor-Plaintiff's claims occurred on May 31, 2013.[7] Per Tex. Civ. Prac. & Rem. Code § 16.003(a)-(b), plaintiffs must bring actions for personal injury and wrongful death no later than two years after the cause of action accrues.[8] More specifically, under Tex. Civ. Prac. & Rem. Code § 16.003(a)-(b):

(a) [A] person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.

(b) A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

In Texas, the "cause of action accrues when the legal wrong is completed and the plaintiff is entitled to commence suit, even if the party is unaware of the wrong."[9]

Intervenor-Plaintiff was first entitled to sue for personal injury and wrongful death damages on May 31, 2013—the date of the fire rescue operation. Intervenor-Plaintiff did not file his Petition in Intervention until July 21, 2016—over three years after his cause of action accrued.[10] Thus, Intervenor-Plaintiff's personal injury and wrongful death claims are time-barred.

### B. INTERVENOR-PLAINTIFF'S DTPA CLAIM IS TIME-BARRED

---

[6] Tex. Civ. Prac. & Rem. Code § 16.003(a)-(b); Tex. Bus. & Comm. Code Ann. § 17.565.

[7] Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], at § IV, ¶ 11.

[8] *See Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999).

[9] *Id.*

[10] *See* Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], filed July 21, 2016.

3

Under the Deceptive Trade Practices Act ("DTPA"), Plaintiffs must bring suit no later than two years from the date that the violation occurred or two years from the date when the plaintiff discovered or should have discovered the violation.[11] A DTPA claim accrues when (1) the false, misleading, or deceptive act or practice occurred, or (2) the consumer discovered or in the exercise of reasonable diligence should have discovered the false, misleading, or deceptive act or practice.[12]

Here, Intervenor-Plaintiff's alleged "marketing defects"—misrepresentations, failures to disclose and warn, and overstatements—indicate that on or before May 31, 2013, Intervenor-Plaintiff knew or should have known of the alleged DTPA violations.[13] Intervenor-Plaintiff contends communication issues on May 31, 2013 resulted in firefighters "having to use face to face communications, running to the recipients of messages, delaying the firefighting and rescue operations."[14] Intervenor-Plaintiff further alleges these communications issues "delayed or prevented instructions to firefighters or cut her off entirely."[15] Lastly, Intervenor-Plaintiff claims that certain communication system "components were inadequately protected from fire conditions with a thin casing that melted and caused involuntary 'quick keying' to occur."[16]

These allegations of fact—delay, forced face to face communication, and component melting—show that, on May 31, 2013, Intervenor-Plaintiff knew or should have known of the alleged DTPA violations as to communications systems underperformance. Accordingly,

---

[11] Tex. Bus. & Comm. Code Ann. § 17.565; *Sykes v. Pub. Storage Inc.*, 425 F. App'x 359, 362 (5th Cir. 2011).

[12] Tex. Bus. & Comm. Code Ann. § 17.565.

[13] Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], at § V, ¶ 20.

[14] Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], at § IV, ¶ 13.

[15] Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], at § IV, ¶ 11.

[16] Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], at § IV, ¶ 15.

8071219 v1

Intervenor-Plaintiff's alleged DTPA claim accrued over three years before he filed his Petition in Intervention and is time-barred.

### C. § 16.062 DOES NOT SAVE INTERVENOR-PLAINTIFF'S UNTIMELY CLAIMS

For three reasons, § 16.062 does not save Intervenor-Plaintiff's untimely claims. First, as § 16.062 relates to this case, it applies only to representative plaintiffs who file claims on behalf of decedents.[17] Because Intervenor-Plaintiff brings claims for damages in only his individual capacity,[18] § 16.062 does not toll the applicable statutes of limitations.

Second, § 16.062 only applies to claims in existence at the time of death.[19] Similarly, § 16.003 "mandates that a person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death."[20] That is, § 16.003 "is not tolled or extended for an additional year or part thereof under § 16.062" because "§ 16.062 simply has no application to wrongful death claims."[21] In sum, § 16.062 does not apply to Intervenor-Plaintiff's wrongful death claims.

Third, § 16.062 tolls the time to file certain claims up to one year or, if shorter, until the time the decedent's executor or administrator qualifies.[22] Thus, even applying the maximum one-

---

[17] Tex. Civ. Prac. & Rem. Code Ann. § 16.062 states: "(a) The death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death."

[18] Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], at § II, ¶¶ 2-3 ("Plaintiff Mary Sullivan . . . appears in her individual capacity and as the personal representative of the Estate of Anne Sullivan. . . . Intervenor-Plaintiff appears in his individual capacity.").

[19] Tex. Civ. Prac. & Rem. Code Ann. § 16.062.

[20] Tex.Civ.Prac. & Rem.Code Ann. § 16.003; *Sowell v. Dresser Indus., Inc.*, 866 S.W.2d 803, 806 (Tex. App. 1993).

[21] *Sowell*, 866 S.W.2d at 806; *Rothe v. Ford Motor Co.*, 531 F. Supp. 189, 191 (N.D. Tex. 1981).

[22] Tex. Civ. Prac. & Rem. Code Ann. § 16.062(b) ("If an executor or administrator of a decedent's estate qualifies before the expiration of the period provided by this section, the statute of limitations begins to run at the time of the qualification."); *Felan v. Ramos*, 857 S.W.2d 113, 118 (Tex. App. 1993); *Schiller v. Lewis*, No. 05-07-00209-CV, 2008 WL 3318884, at *2 (Tex.

year tolling period, claims governed by a two-year or shorter time limitation were time-barred as of May 31, 2016, and Intervenor-Plaintiff filed his Petition in Intervention July 21, 2016.[23]

In short, even overlooking that neither Intervenor-Plaintiff nor his wrongful death claims qualify for tolling under § 16.062, Intervenor-Plaintiff still failed to timely file suit pursuant to the effective three-year statute of limitations because he filed suit on July 21, 2016—over three years after the May 31, 2013 incident.

### III. INTERVENOR-PLAINTIFF'S THIRD-PARTY BENEFICIARY CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Intervenor-Plaintiff's third-party beneficiary claim fails to assert any facts supporting that the City of Houston entered a contract with Scott directly for Anne Sullivan's benefit, as is required by Texas Supreme Court precedent.[24] *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) ("A third party may recover on a contract made between other parties only if the parties intended to secure a benefit to that third party, and only if the contracting parties entered into the contract

---

App. Aug. 12, 2008) (holding that plaintiff's time to file suit was extended 53 days, the time between death and executor's qualification, not a full year, so plaintiff's claim was untimely); *Rothe v. Ford Motor Co.*, 531 F. Supp. 189, 191 (N.D. Tex. 1981) (stating "(i)n case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitation shall cease to run until twelve months after death or whenever an administrator or executor is qualified to handle the estate, whichever occurs first."); *Garcia v. Caremark, Inc.*, 921 S.W.2d 417, 421 (Tex. App. 1996) (holding that formal qualification—"formal compliance with those provisions of the Probate Code specifying the manner of applying for, and qualifying as, personal representative of a decedent's estate"—begins the running of the relevant limitations period); *See* Tex. Prob. Code Ann. § 189 (personal representative deemed qualified when he takes and files his oath and makes any required bond); *Schiller v. Lewis*, No. 05-07-00209-CV, 2008 WL 3318884, at *2 (Tex. App. Aug. 12, 2008) (finding copy of certified Letters Testamentary sufficient to show formal qualification).

[23] *See* Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], filed July 21, 2016.

[24] Intervenor-Plaintiff's third-party beneficiary claim states in full:

> [Intervenor-]Plaintiff would show that at all material times Anne Sullivan [] was an intended third party beneficiary of [] certain contracts and purchase agreements the City of Houston entered into with the Defendants. The Defendants breached their obligations to Anne Sullivan and such breach resulted in her untimely death and the losses that ultimately resulted to [I]ntervenor[-Plaintiff].

Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], at § X.

6

directly for the third party's benefit."). That a person receives an incidental benefit from a contract does not give that person a right of action to enforce the contract. *Id*. In determining whether a third party can enforce a contract, the intent of the contracting parties controls. *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex.2007). "The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied." *Id*.; *MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) ("A court will not create a third-party beneficiary contract by implication."). There is a "presumption against third-party beneficiary agreements." *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011); *Garcia v. Bank of Am. Corp.*, 375 S.W.3d 322, 326 (Tex. App. 2012).

The Petition in Intervention supports its third-party beneficiary claim with no facts and asserts bare legal conclusions. Indeed, it does not even expressly point to a contract between the City of Houston and Scott; its only indirect reference to a contract says, "Motorola Solutions sold an approximately $140,000,000 [d]igital trunk radio system to the City of Houston for use by the Houston Fire Department and other departments.[25] Importantly, this assertion does not mention Scott and thus fails to identify a contract between Scott and the City of Houston. Moreover, Intervenor-Plaintiff states no facts about the contracting parties' intent to secure a direct benefit to Anne Sullivan. Lastly, Intervenor-Plaintiff does not identify how Scott breached this unidentified contract. In sum, Intervenor-Plaintiff fails to even identify a contract between Scott and the City of Houston, let alone a contract "clearly and fully" spelling out an "intention to confer a direct benefit" to Anne Sullivan. *Lomas*, 223 S.W.3d at 306.

---

[25] Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], at § IV, ¶ 12.

Furthermore, Intervenor-Plaintiff seeks personal injury damages,[26] which are not supported by a breach of contract claim.  *See, e.g., Stewart Title Guaranty Company v. Aiello*, 941 S.s.2d 68, 72 (Tex. 1997) ("Because a breach of contract action will not support mental anguish damages, we also vacate that portion of the [plaintiffs'] award."), *Business Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 244 (Tex. Ct. App. 2012) ("For breach of contract, a party could recover economic damages and attorney's fees, but not mental anguish or exemplary damages.").  Thus, the third-party beneficiary claim against Scott should be dismissed with prejudice.

## IV.   CONCLUSION

Even tolling the two-year limitations periods to three years under § 16.062, Intervenor-Plaintiff still failed to timely file his claims for personal injury and wrongful death based on various forms of negligence and deceptive trade practices because he filed his Petition in Intervention on July 21, 2016—over three years after May 31, 2013, the date the fire rescue operation occurred and these causes of actions accrued. Additionally, Intervenor-Plaintiff fails to state a third-party beneficiary claim upon which relief can be granted. Scott, therefore, requests this Court dismiss with prejudice Intervenor-Plaintiff's time-barred claims and third-party beneficiary claims against Scott and grant Scott all other relief deemed just and proper.

---

[26] Intervenor-Plaintiff's Petition in Intervention [Docs. # 23, 41], at § IV, ¶ 19 ("This suit is filed on behalf of [] Jack Sullivan the surviving father of decedent Anne Sullivan for his loss of society, support, love and affection claims.").

Dated: March 31, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　SHOOK, HARDY & BACON L.L.P.


　　　　　　　　　　　　　　　　　　　By: */s/ Jeffrey E. Elkins*
　　　　　　　　　　　　　　　　　　　　　P. Randall Crump
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 05186020
　　　　　　　　　　　　　　　　　　　　　600 Travis Street, Suite 3400
　　　　　　　　　　　　　　　　　　　　　Houston, TX 77002-2926
　　　　　　　　　　　　　　　　　　　　　Telephone: 713.227.8008
　　　　　　　　　　　　　　　　　　　　　Facsimile: 713.227.9508
　　　　　　　　　　　　　　　　　　　　　Email: pcrump@shb.com

　　　　　　　　　　　　　　　　　　　　　AND

　　　　　　　　　　　　　　　　　　　　　Jeffrey E. Elkins
　　　　　　　　　　　　　　　　　　　　　Admitted *Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　　SHOOK, HARDY & BACON L.L.P.
　　　　　　　　　　　　　　　　　　　　　2555 Grand Boulevard
　　　　　　　　　　　　　　　　　　　　　Kansas City, MO 64108-2613
　　　　　　　　　　　　　　　　　　　　　Telephone: 816-474-6550
　　　　　　　　　　　　　　　　　　　　　Facsimile: 816-421-5547
　　　　　　　　　　　　　　　　　　　　　Email: jelkins@shb.com

　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANT
　　　　　　　　　　　　　　　　　　　SCOTT TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this 31st day of March 2017.

Benjamin L. Hall, III
William Van Fleet
THE HALL LAW FIRM
530 Lovett Boulevard
Houston, TX 77006
Telephone:713.942.9600
Facsimile: 713.942.9566
bhall@bhalllawfirm.com

*Attorneys for Plaintiffs*
Matthew E. Coveler
Ben T. Zinnecker
WEINSTEIN, TIPPETTS & LITTLE, LLP
750 San Felipe, Ste. 500
Houston, TX 77063
Telephone: 713.244.0800
Facsimile: 713.244.0801
Matthew.coveler@wtllaw.com
Ben.zinnecker@wtllaw.com

*Counsel for Defendant Motorola Solutions Inc. f/k/a Motorola Inc.*

T. Deon Warner
WARNER AND ASSOCIATES PLLC
550 Westcott Street, Ste. 415
Houston, TX 77007
Facsimilie: (713)-422-2309
deon@warnerandassociates.com

*Counsel for Defendant Access Data Supply, Inc.*

                                        */s/ Jeffrey E. Elkins*
                                        Jeffrey E. Elkins