IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SABINA BEBEE, MARY SULLIVAN,          §
NICOLE GARNER, AMY YARBROUGH,         §
ROBERT YARBROUGH, DAVID RENAUD,       §
XAVIER RENAUD, AND BARBARA            §
PEREZ,                                §
                                      §
                                      §      CIVIL ACTION NO. 4:16-cv-00763
              PLAINTIFFS,             §
                                      §         Jury Requested
       VS.                            §
                                      §
MOTOROLA SOLUTIONS, INC., SCOTT       §
SAFETY, INC., SCOTT HEALTH AND SAFETY,§
INC., MOTOROLA, INC., ACCESS DATA     §
SUPPLY, INC., AND CTS CONSOLIDATED    §
TELECOM SERVICES, LLC,                §
                                      §
              DEFENDANTS.             §

**DEFENDANT SCOTT TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION**

On March 29, 2017, the Court entered its Order and Opinion granting Scott
Technologies, Inc.'s ("Scott") Motion to Dismiss Plaintiffs' First Amended Original Petition as
to the wrongful death, personal injury, and DTPA claims of the Bebee, Garner, Renaud, and
Yarbrough Plaintiffs, and the wrongful death claim of Mary Sullivan [Doc. 45].  Scott answers
the remaining claim in Plaintiffs' First Amended Original Petition for breach of warranty as
follows:  Scott denies every allegation in Plaintiffs' First Amended Original Petition unless
specifically admitted below.

1.1    The Court has entered a Case Management Plan for this matter.  Scott has no
additional response to Paragraph 1.1 of Plaintiffs' First Amended Original Petition.

2.1    Given the removal of this matter to the United States District Court for the
Southern District of Texas, Houston Division, Scott will provide disclosures and responses to

written discovery requests pursuant to the Federal Rules of Civil Procedure. Scott has no additional response to Paragraph 2.1 of Plaintiffs' First Amended Original Petition.

3.1    Scott is without knowledge or information sufficient to admit or deny the allegations in Paragraph 3.1 of Plaintiffs' First Amended Original Petition, therefore, Scott denies those allegations.

3.2    Scott is without knowledge or information sufficient to admit or deny the allegations in Paragraph 3.2 of Plaintiffs' First Amended Original Petition, therefore, Scott denies those allegations.

3.3    Scott's proper name is Scott Technologies, Inc., d/b/a Scott Safety. Scott denies the allegations contained in Paragraph 3.3 of Plaintiffs' First Amended Original Petition as stated. Scott affirmatively states it is a North Carolina corporation with a principal place of business in Monroe, North Carolina. From time to time, Scott conducts business in Texas. Scott does not believe Plaintiffs ever properly served their First Amended Original Petition on Scott.

3.4    Scott's proper name is Scott Technologies, Inc., d/b/a Scott Safety. Scott denies the allegations contained in Paragraph 3.4 of Plaintiffs' First Amended Original Petition as stated. Scott affirmatively states it is a North Carolina corporation with a principal place of business in Monroe, North Carolina. From time to time, Scott conducts business in Texas. Scott does not believe Plaintiffs ever properly served their First Amended Original Petition on Scott.

3.5    Scott is without knowledge or information sufficient to admit or deny the allegations in Paragraph 3.5 of Plaintiffs' First Amended Original Petition, therefore, Scott denies those allegations.

3.6    The Court has dismissed Access Data Supply, Inc. from this matter [Doc. 46]. Scott has no additional response to Paragraph 3.6 of Plaintiffs' First Amended Original Petition.

8107142 v1

3.7     The Court has dismissed CTS Consolidated Telecom Cervices, LLC from this matter [Doc. 46]. Scott has no additional response to Paragraph 3.6 of Plaintiffs' First Amended Original Petition.

4.1     Scott denies any liability for Plaintiffs' alleged damages. Scott further denies the existence of any product defect in the Scott product(s) allegedly at issue and/or any negligence on the part of Scott and/or any breach of any alleged warranty alleged against Scott. Scott is without knowledge or information sufficient to admit or deny the remaining factual allegations in Paragraph 4.1 of Plaintiffs' First Amended Original Petition, therefore, Scott denies those allegations.

4.2     The allegations contained in Paragraph 4.2 of Plaintiffs' First Amended Original Petition, including sub-paragraphs a-p, do not state claims against or seek relief from Scott and, therefore, no answer by Scott is required. To the extent Paragraph 4.2 and its subparagraphs are construed to require a response of Scott, Scott is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies those allegations.

4.3     Scott denies the allegations contained in Paragraph 4.3 of Plaintiffs' First Amended Original Petition.

4.4     Scott denies the allegations contained in Paragraph 4.4 of Plaintiffs' First Amended Original Petition.

4.5     Scott denies each and every allegation contained in Paragraph 4.5 of Plaintiffs' First Amended Original Petition to the extent they are directed at Scott. To the extent the allegations contained in Paragraph 4.5 of Plaintiffs' First Amended Original Petition are not directed at Scott, Scott is without knowledge or information sufficient to admit or deny those allegations and, therefore, denies those allegations.

4.6     Scott denies each and every allegation contained in Paragraph 4.6 of Plaintiffs' First Amended Original Petition to the extent they are directed at Scott.  To the extent the allegations contained in Paragraph 4.6 of Plaintiffs' First Amended Original Petition are not directed at Scott, Scott is without knowledge or information sufficient to admit or deny those allegations and, therefore, denies those allegations.

4.7     Scott denies each and every allegation contained in Paragraph 4.7 of Plaintiffs' First Amended Original Petition to the extent they are directed at Scott.  To the extent the allegations contained in Paragraph 4.7 of Plaintiffs' First Amended Original Petition are not directed at Scott, Scott is without knowledge or information sufficient to admit or deny those allegations and, therefore, denies those allegations.

4.8     Scott denies the allegations contained in Paragraph 4.8 of Plaintiffs' First Amended Original Petition.

4.9     Scott believes the Court has dismissed the claims forming the basis for Plaintiffs' request for relief in Paragraph 4.9 of Plaintiffs' First Amended Original Petition [Doc. 45].  If the contents of Paragraph 4.9 of Plaintiffs' First Amended Original Petition are construed to effectively state claims against or seek relief from Scott, Scott denies any liability to Plaintiffs and any factual allegations contained therein.

5.1     Scott believes the Court has dismissed the claims forming the basis for Plaintiffs' request for relief in Paragraph 5.1 of Plaintiffs' First Amended Original Petition [Doc. 45].  If the contents of Paragraph 5.1 of Plaintiffs' First Amended Original Petition are construed to effectively state claims against or seek relief from Scott, Scott denies any liability to Plaintiffs and any factual allegations contained therein.

8107142 v1

6.1     Scott believes the Court has dismissed the claims forming the basis for Plaintiffs' request for relief in Paragraph 6.1 of Plaintiffs' First Amended Original Petition [Doc. 45]. If the contents of Paragraph 6.1 of Plaintiffs' First Amended Original Petition are construed to effectively state claims against or seek relief from Scott, Scott denies any liability to Plaintiffs and any factual allegations contained therein.

7.1     Scott denies each and every allegation contained in Paragraph 7.1 of Plaintiffs' First Amended Original Petition to the extent they are directed at Scott. To the extent the allegations contained in Paragraph 7.1 of Plaintiffs' First Amended Original Petition are not directed at Scott, Scott is without knowledge or information sufficient to admit or deny those allegations and, therefore, denies those allegations.

8.1     Scott believes the Court has dismissed the claims forming the basis for Plaintiffs' request for relief in Paragraph 8.1 of Plaintiffs' First Amended Original Petition [Doc. 45]. If the contents of Paragraph 8.1 of Plaintiffs' First Amended Original Petition are construed to effectively state claims against or seek relief from Scott, Scott denies any liability to Plaintiffs and any factual allegations contained therein.

9.1     In response to Paragraph 9.1 of Plaintiffs' First Amended Original Petition, Scott restates and incorporates by reference its answers to Paragraphs 1.1-8.1 as if the same were fully set forth herein.

9.2     Scott denies the allegations contained in Paragraph 9.2 of Plaintiffs' First Amended Original Petition.

9.3     Scott believes the Court has dismissed the claims forming the basis for Plaintiffs' request for relief in Paragraph 9.3 of Plaintiffs' First Amended Original Petition [Doc. 45]. If the contents of Paragraph 9.3 of Plaintiffs' First Amended Original Petition are construed to

- 5 -

effectively state claims against or seek relief from Scott, Scott denies any liability to Plaintiffs and any factual allegations contained therein.

10.1    Scott denies Plaintiffs are entitled to a judgment or any other relief requested in Paragraph 10.1 of Plaintiffs' First Amended Original Petition from Scott.

10.2    Scott denies Plaintiffs are entitled to a judgment or any other relief requested in Paragraph 10.2 of Plaintiffs' First Amended Original Petition from Scott.

10.3    Scott denies Plaintiffs are entitled to a judgment or any other relief requested in Paragraph 10.3 of Plaintiffs' First Amended Original Petition from Scott.

11.1    No response from Scott is required to the notice provided in Paragraph 11.1 of Plaintiffs' First Amended Original Petition.

12.1    No response from Scott is required to the notice provided in Paragraph 11.1 of Plaintiffs' First Amended Original Petition.

Scott denies Plaintiffs are entitled to a judgment or any other relief requested in the "WHEREFORE" clause following Paragraph 12.1 of Plaintiffs' First Amended Original Petition from Scott.

## AFFIRMATIVE DEFENSES

Scott asserts that Plaintiffs' claims are barred, in whole or in part, by the defenses set forth below.  By setting forth these defenses, Scott does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing contained in Scott's Answer is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations. Scott reserves the right to plead any affirmative defense asserted by any co-defendant(s) or any and all affirmative defenses that may become evident or appreciated after investigation and discovery in this matter.

8107142 v1

1.     Plaintiffs' First Amended Original Petition fails to state a claim upon which relief can be granted.

2.     Plaintiffs' claims may be barred by the applicable statute of limitations.

4.     While denying all Plaintiffs' allegations regarding liability and damages allegedly sustained by Plaintiffs, any actions of Scott did not proximately cause any of the alleged damages.

5.     The negligence, fault, or carelessness of other parties, persons, or entities over which Scott had no control was the sole, intervening or superseding cause of Plaintiffs' alleged damages and, therefore, recovery by Plaintiffs from Scott is barred.

6.     The negligence, fault, or carelessness of other parties, persons, or entities over which Scott had no control caused or contributed to Plaintiffs' alleged damages and, therefore, any recovery by Plaintiffs' from Scott is barred or diminished in proportion to the amount of negligence, fault, or carelessness attributable to such other persons or entities.

7.     If Plaintiffs' have been damaged, which Scott denies, such damages were caused by one or more unforeseeable, independent, intervening, and/or superseding events for which Scott is not legally responsible.

8.     The Scott product(s) allegedly at issue were fit for the ordinary purposes for which such goods are used.

9.     Plaintiffs' breach of warranty claims are barred or limited by any and all express conditions or disclaimers, to the extent shown by further discovery.

10.    Plaintiffs' breach of warranty claims are barred by the lack of reliance on such warranties, to the extent shown by further discovery.

4.     Plaintiffs' claims for breach of implied warranty fail to the extent the product at

issue was not used for its ordinary purpose.

5.     Scott gives notice that it intends to rely upon every defense available under the Uniform Commercial Code as enacted in Texas, including but not limited to those defenses provided in Chapter 2 of the Texas Business & Commercial Code.

11.     If Plaintiffs recover from Scott, which liability is specifically denied, Scott is entitled to contribution, set-off, and/or indemnification under the Texas Civil Practice and Remedies Code, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause Plaintiffs' alleged damages and/or who may have released, settled with, entered into an accord and satisfaction, or otherwise compromised their claims.

12.     Should Scott be held liable to Plaintiffs, which liability is specifically denied, Scott would be entitled to a set-off for the total of all amounts paid to Plaintiffs from all collateral sources.

13.     Should Scott be held liable to Plaintiffs, which liability is specifically denied, Scott maintains that Plaintiffs' claims for medical expense damages, if any, is subject to the restrictions found in Texas Civil Practice & Remedies Code, § 41.0105 *et seq.*

14.     Scott further pleads any applicable limitation on recovery of damages as to amount or type as may be applicable to this matter under the Civil Practice and Remedies Code or other applicable law or statute.

15.     Scott further pleads that to the extent any award of pre-judgment interest is sought on future damages, such award violates the due process clause of the United States Constitution, the Texas Constitution, and Section 41.007 of the Texas Civil Practice & Remedies Code.

16.     The punitive damages sought by Plaintiffs either are not recoverable under the causes of action set forth in Plaintiffs' First Amended Original Petition or are not recoverable against Scott because Plaintiffs' allegations are legally insufficient to support a claim for punitive damages.  Scott further asserts that Plaintiffs' claim for punitive damages is barred pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

17.     Scott denies that Plaintiffs are entitled to recover punitive damages in this case because Scott's conduct demonstrated reasonable care.  To recover punitive damages, Plaintiffs must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm.  An intent to injure, actual or constructive, is completely absent in this case.

18.     Plaintiffs' claims for punitive damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and the Texas Constitution on grounds including, but not limited to, the following:

a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)      Procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

- 9 -

c)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g)      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution; and

h)      The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law.

19.      Scott further states that the correct standard for submitting Plaintiffs' burden of

proof for punitive damages is "clear and convincing evidence." Any lesser standard is in violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution.

20.    Plaintiffs' First Amended Original Petition, to the extent it seeks punitive or exemplary damages, violates Scott's right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution, and violates Scott's right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Texas, and therefore fails to state a claim upon which either punitive or exemplary damages can be awarded.

21.    Plaintiffs' claim for punitive damages cannot be sustained to the extent it seeks to punish Scott for alleged harm to non-parties and/or to persons not before the Court. Imposition of punitive damages under such circumstances would violate Scott's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Scott's due process and equal protection rights under cognate provisions of the Texas Constitution, and would be improper under the common law and public policies of the United States and State of Texas.

22.    Any award of punitive damages is barred unless subject to the limits identified in Texas Civil Practice and Remedies Code § 41.008(b).

23.    Any award of punitive damages is barred unless the jury (1) is provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damage award; (2) is instructed adequately on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (3) is expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in

whole or in part, on the basis of individually discriminatory characteristics, including the residence, wealth, and corporate status of the defendants; (4) is prohibited from awarding punitive damages under a standard that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.

24.    The Sixth Amendment to the United States Constitution and equivalent protections provided by the Constitution of Texas and Texas Civil Practice and Remedies Code § 41.003 prohibit any award of punitive damages unless there is a unanimous verdict.

25.    Scott did not act with actual malice, and any award of punitive damages is therefore barred.

26.    No act or omission of Scott was done with reckless indifference or reckless disregard toward the rights or safety of others, and therefore any award of punitive damages is barred.

27.    Scott will further rely upon all other defenses that become available during the course of discovery and reserve the right to amend its Answer to preserve such defenses.

## **PRAYER**

For these reasons, Scott respectfully prays that Plaintiffs take nothing by their First Amended Original Petition against it, that Scott be awarded all costs, fees, and expenses incurred in its behalf, pre-judgment interest and post-judgment interest, and for any other relief the Court deems just and proper.

8107142 v1

Dated:  April 11, 2017                    Respectfully submitted,

                                          SHOOK, HARDY & BACON L.L.P.


                                          By:  */s/ Jeffrey E. Elkins*        
                                                  P. Randall Crump
                                                  Texas Bar No. 05186020
                                                  600 Travis Street, Suite 3400
                                                  Houston, TX 77002-2926
                                                  Telephone: 713.227.8008
                                                  Facsimile:  713.227.9508
                                                  Email:  pcrump@shb.com

                                                  AND

                                                  Jeffrey E. Elkins
                                                  Admitted *Pro Hac Vice*
                                                  SHOOK, HARDY & BACON L.L.P.
                                                  2555 Grand Boulevard
                                                  Kansas City, MO 64108-2613
                                                  Telephone: 816-474-6550
                                                  Facsimile:  816-421-5547
                                                  Email:  jelkins@shb.com

                                          ATTORNEYS FOR DEFENDANT
                                          SCOTT TECHNOLOGIES, INC.

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this 11th day of April 2017.

Benjamin L. Hall, III
William Van Fleet
THE HALL LAW FIRM
530 Lovett Boulevard
Houston, TX 77006
Telephone:713.942.9600
Facsimile: 713.942.9566
bhall@bhalllawfirm.com

*Attorneys for Plaintiffs*
Matthew E. Coveler
Ben T. Zinnecker
WEINSTEIN, TIPPETTS & LITTLE, LLP
750 San Felipe, Ste. 500
Houston, TX 77063
Telephone: 713.244.0800
Facsimile: 713.244.0801
Matthew.coveler@wtllaw.com
Ben.zinnecker@wtllaw.com

*Counsel for Defendant Motorola Solutions Inc.*
*f/k/a Motorola Inc.*

T. Deon Warner
WARNER AND ASSOCIATES PLLC
550 Westcott Street, Ste. 415
Houston, TX 77007
Facsimilie: (713)-422-2309
deon@warnerandassociates.com

*Counsel for Defendant Access Data Supply,*
*Inc.*

*/s/ Jeffrey E. Elkins*
Jeffrey E. Elkins

- 14 -

8107142 v1