IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SABINA BEBEE, MARY SULLIVAN, NICOLE GARNER, AMY YARBROUGH, ROBERT YARBROUGH, DAVID RENAUD, XAVIER RENAUD, AND BARBARA PEREZ, | § § § § § § § § | |
| PLAINTIFFS, | § § § | CIVIL ACTION NO. 4:16-cv-00763 |
| VS. | § § § | Jury Requested |
| MOTOROLA SOLUTIONS, INC., SCOTT SAFETY, INC., SCOTT HEALTH AND SAFETY, INC., MOTOROLA, INC., ACCESS DATA SUPPLY, INC., AND CTS CONSOLIDATED TELECOM SERVICES, LLC, | § § § § § § § § | |
| DEFENDANTS. | § | |

**BRIEF IN SUPPORT OF SCOTT TECHNOLOGIES, INC.'S
MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**

Defendant Scott Technologies, Inc. ("Scott")[1] respectfully submits the following in support of its Motion to Dismiss Plaintiffs' Second Amended Original Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6):

**I.   INTRODUCTION**

This case stems from a May 31, 2013, fire rescue operation by the Houston Fire Department involving Firefighters Robert Bebee, Robert Garner, Anne Sullivan, Matthew

---

[1] Improperly named as Scott Safety, Inc. and Scott Health and Safety, Inc.

Renaud, and Robert Yarbrough.[2]  On February 8, 2016, Plaintiffs filed a lawsuit against Scott,

including breach of warranty claims related to radio communications accessories allegedly

manufactured by Scott and used by the firefighters during the incident.[3]  Service of that litigation

constituted the first and only time Plaintiffs "notified" Scott of their breach of warranty claims.

Recently, Plaintiffs have filed a Second Amended Original Complaint, which also advances

breach of warranty claims against Scott.[4]  Because Plaintiffs cannot satisfy a fundamental

element of their breach of warranty claims as a matter of law, Scott requests the Court enter an

Order dismissing Plaintiffs' breach of warranty claims with prejudice for failing to provide pre-

suit notice.  Alternatively, Scott moves to dismiss as time-barred the Bebee, Garner, and Renaud

Plaintiffs' breach of warranty claims seeking relief for injuries resulting in death.

## II.    LEGAL STANDARD

A court should dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when

it "fails to state a legally cognizable claim."[5]  "'A statute of limitations may support dismissal

---

[2] *See* Plaintiffs' Second Amended Original Complaint filed May 5, 2017, [Doc. # 58] at ¶ 10. The fire trapped Firefighters Bebee, Garner, Renaud, and Sullivan, who died as a result of their injuries.  A secondary wall collapse injured Firefighter Yarbrough, part of the rescue operation for the other firefighters.

[3] *See* Plaintiffs' Original Petition filed February 8, 2016, (attached as Exhibit B to [Doc. # 15], Scott's Motion to Dismiss Plaintiffs' First Amended Original Petition ("Exh. B")).  This Court already dismissed "[t]he wrongful death, personal injury, and DTPA claims of the Bebee, Garner, Renaud, and Yarbrough Plaintiffs, and the wrongful death claim of Mary Sullivan . . . " as time-barred by the applicable two-year statutes of limitations. Order and Opinion [Doc. # No.45] at p. 6.

[4] *See* Plaintiffs' Second Amended Original Complaint [Doc. # 58] at ¶¶ 15, 23-24.

[5] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, No. CV H-16-1458, 2017 WL 1901660, at *6 (S.D. Tex. May 9, 2017).  This Motion is Scott's first responsive pleading to Plaintiffs' operative Complaint.  But, because Scott previously filed a Motion to Dismiss Plaintiffs' First Amended Original Petition [Doc. 15] and an Answer to Plaintiffs' remaining claims [Doc. 52], Scott notes "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Brown v. Aetna Life Ins. Co.*, No. 4:16-CV-455, 2017 U.S. Dist. LEXIS 21881, at *2 (S.D. Tex. Feb. 16, 2017) (Harmon, J.) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). The purpose of a Rule 12(c) motion is to dispose of cases in which "the material facts are not in dispute and a

pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute.'"[6]  "When a district court reviews a motion to dismiss pursuant to [Rule] 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true."[7]

### III.    PLAINTFFS' BREACH OF WARRANTY CLAIMS FAIL BECAUSE PLAINTIFFS DID NOT GIVE SCOTT PRE-SUIT NOTICE.

Before filing suit, Plaintiffs never gave Scott notice of their breach of warranty claims and they are, therefore, barred from any recovery for those claims.  Notification of breach of warranty claims forms a fundamental element of breach of warranty causes of action.  Tex. Bus. & Com. Code Ann. § 2.607 provides "(c) Where a tender has been accepted (1) the [claimant/plaintiff] must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."  "The burden of alleging and proving proper notice is on [] the [claimant/plaintiff].  Failure to notify the seller of the breach [] bars recovery on the basis of breach of warranty."  *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 189-90 (Tex. App. 1996) (internal quotations and citations omitted); *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 705 (5th Cir. 2014).

The Southern District of Texas recently recognized that giving pre-suit notice is vital and that failing to do so is fatal.  *Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 970–71 (S.D. Tex. 2016) ("Courts in Texas consistently hold that failure to provide pre-suit notice is fatal to a plaintiff's warranty claim."); *see also McKay*, 751 F.3d at 706 ("[C]ommencement of litigation

---

judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Brown*, 2017 U.S. Dist. LEXIS 21881 at *2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 (5th Cir. 2002)).

[6] Order and Opinion [Doc. # No.  45] at p. 2 (quoting *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 434 (S.D. Tex. 2016)).

[7] *Residents Against Flooding*, 2017 WL 1901660, at *5 (citing *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)).

8175838 v2

does not satisfy the notice requirement."); *Martin v. Home Depot U.S.A., Inc.*, 369 F. Supp. 2d 887, 893 (W.D. Tex. 2005) ("The notice requirement is a condition precedent for a buyer's cause of action."). Pre-suit notice must be given to a remote manufacturer—i.e., both the intermediate seller and the manufacturer. *McKay*, 751 F.3d at 706.[8] And the mandatory pre-suit notice must also make the manufacturer "aware of a problem with a particular product purchased by a particular buyer." *Id*.

Here, Plaintiffs do not even allege in their Second Amended Original Complaint that they complied with the pre-suit notice requirement.[9] Indeed, they cannot because filing suit was the first time Plaintiffs put Scott on "notice" of their breach of warranty claims.[10] Thus, pursuant to Texas law interpreting § 2.607, Plaintiffs' breach of warranty claims are legally deficient for lack of pre-suit notice and the Court should dismiss those claims with prejudice.[11]

### IV. THE BEBEE, GARNER, AND RENAUD PLAITNIFFS' BREACH OF WARRANTY CLAIMS FOR "INJURY RESULTING IN DEATH" ARE TIME-BARRED.

---

[8] *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 199 (Tex. App. 2003) ("We note the supreme court has clearly rejected the notion that the Texas UCC was drafted 'only with the intention of governing relations between immediate buyers and sellers.'"); *Wilcox v. Hillcrest Mem'l Park of Dallas*, 696 S.W.2d 423, 423-25 (Tex. App. 1985) ("We hold, therefore, that section 2.607(c)(1) requires that a buyer notify any seller, including a remote seller such as the manufacturer, . . . and that failure to do so bars the buyer from any remedy for breach of warranty under the Texas Business & Commerce Code."); *In re Mirapex Prods. Liab. Litig.*, 735 F.Supp.2d 1113, 1124 (D. Minn. 2010) ("The Court finds that, if the Texas Supreme Court were confronted with this issue, it would adopt the majority position, and find notice to a remote manufacturer to be a prerequisite to suit.").

[9] *See* Plaintiffs' Second Amended Original Complaint [Doc. # 58].

[10] *See* Plaintiffs' Original Petition (Ex. B) filed February 8, 2016.

[11] Plaintiffs' breach of warranty claims are contained in paragraphs 15, 23-24 of their Second Amended Original Complaint [Doc. 58]. In pertinent part, they read "Defendants breached implied and express warranties relating to the communication systems" (¶ 15) and "Plaintiffs further allege and intend to show that the Defendants breached express, statutory and/or implied warranties, including but not limited to the warranties of fitness, use, and appropriateness as life-safety devices and fire communication equipment" (¶ 24). Because Plaintiffs fail to reference any statutory or express warranty, those claims should separately fail as a matter of law. Under any theory of breach of warranty liability, Plaintiffs' lack of notice renders their claim(s) unsustainable.

8175838 v2

Accepting the facts as alleged in Plaintiffs' Second Amended Original Petition as true, the Bebee, Garner, and Renaud Plaintiffs' breach of warranty claims seeking relief for injuries resulting in death are still time-barred. Those breach of warranty claims are available only through the wrongful death and survival statutes and are consequently subject to the two-year statute of limitations. Tex. Civ. Prac. & Rem. Code §§ 16.003(a)-(b). The incident occurred on May 31, 2013, opening—at the latest—the window to file litigation. Plaintiffs first filed a lawsuit against Scott on February 8, 2016, well after expiration of the applicable two-year statutes of limitation.

### A. Breach of Warranty Claims for "Injury Resulting in Death" Exist Only Through Wrongful Death and Survival Statutes and Are Thus Governed by Those Statutes' Two-Year Limitations Periods.

Wrongful death and survival actions brought by decedents' heirs and/or representatives are creatures of statute.[12] In any "action for injury resulting in death," plaintiffs must file suit within two years of death. Tex. Civ. Prac. & Rem. Code §§ 16.003(a)-(b).[13] The two-year limitations period applies both to wrongful death and survival claims.[14]

---

[12] "At common law, a deceased's heirs did not have an action for their own losses." *Baptist Mem. Hosp. Sys. v. Arredondo*, 922 S.W.2d 120, 121 (Tex. 1996). "Wrongful death causes of action owe their existence to statutes changing this common-law rule." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 356 (Tex. 1990). Similarly, "[a]t common law, an individual's action for personal injuries did not survive his death." *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 344 (Tex. 1992). The Legislature abrogated this rule through the survival statute, which permits a decedent's heirs or personal representative to prosecute the action on the decedent's behalf. *Id.* at 345 (citing Tex. Civ. Prac. & Rem. Code § 71.021).

[13] *See Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999) (A "cause of action accrues when the legal wrong is completed and the plaintiff is entitled to commence suit, even if the party is unaware of the wrong.").

[14] *See, e.g., Koonce v. Quaker Safety Prods. & Mfg. Co.*, 798 F.2d 700 (5th Cir. 1986) ("So far as concerns suits for personal injuries resulting in death, the language of the statute [of limitations] makes no distinction between survival and wrongful death claims."); *Stiles v. Union Carbide*, 520 F. Supp. 865, 867 (S.D. Tex. 1981) ("There is but one statute of limitations concerning actions for the infliction of personal injuries resulting in death."); *Sheffield v. Begeman*, 274 S.W.3d 846, 849 (Tex. App.—Eastland 2008, pet. denied) (applying § 16.003(b) to a survival claim); *Hill v. Bartlette*, 181 S.W.3d 541, 545 (Tex. App.—Texarkana 2005, no pet.) (same);

8175838 v2

Texas Courts have dismissed breach of warranty claims brought for "injury resulting in death" as time-barred pursuant to two-year statute of limitations.  For example, in *Trapnell*, a product liability death case, the plaintiffs sued manufacturers and distributors under several liability theories, **including breach of warranty**.  *Trapnell v. Sysco Food Servs.*, 850 S.W.2d 529, 550 (Tex. App.—Corpus Christi 1992), *aff'd*, 890 S.W.2d 796 (Tex. 1994).   Three defendants moved for summary judgment based on limitations because plaintiffs filed their wrongful death and survival claims more than two years after the decedent's death.  The trial court granted summary judgment, and the Corpus Christi Court of Appeals affirmed:

> In the instant case, each of the plaintiffs' theories of liability seeks recovery for **injuries, death and loss of consortium**.  These claims were filed against these defendants more than two years after Susan Trapnell's death.  *Moreno* and *Russell* bar recovery for the injury and death claims by the adult plaintiffs.

*Id*. at 550-51 (emphasis added).

In another Texas case applying the two-year limitations to breach of warranty claims, a fatal car accident occurred on November 24, 1993.  *Miller v. Gen. Motors Corp.*, No. 14-00-00098-CV, 2002 WL 1963493, at *2 (Tex. App. Aug. 22, 2002).  Decedent's daughter filed suit on November 22, 1995 as a wrongful death beneficiary and the representative of decedent's estate.  *Id*. at *1.  Plaintiff asserted claims for "strict products liability, negligence, and breach of express and implied warranties."  *Id*.  Although suit was filed "barely within the two-year period," GM was not served until six months later on May 30, 1996. *Id*. at *2.  The trial court granted GM's motion for summary judgment on limitations because plaintiff did not use diligence securing service.  *Id*.  The Houston (Fourteenth) Court of Appeals agreed and affirmed the trial court's summary judgment.  *Id*. at *10.

---

*Roberts v. Gen. Motors Corp.*, No. 14-00-00098-CV, 2002 Tex. App. LEXIS 6183, at *4-5 (Tex. App.—Houston [14th Dist.] Aug. 22, 2002, pet. denied) (same).

6

Here, the § 16.003(b) two-year statute of limitations applies to the Bebee, Garner, and Renaud Plaintiffs' breach of warranty claims for the deaths of Robert Bebee, Robert Garner, and Matthew Renaud on May 31, 2013—the date of the fire rescue operation.[15]  Like the *Trapnell* and *Miller* plaintiffs' breach of warranty claims, these Plaintiffs' breach of warranty claims are barred by the applicable statutes of limitations and are not saved by any tolling provision. Tex. Civ. Prac. & Rem. Code § 16.062.  The Court should, therefore, dismiss the Bebee, Garner, and Renaud Plaintiffs' breach of warranty claims for injuries resulting in death because these Plaintiffs were (at the latest) first entitled to bring a wrongful death and/or survival action for breach of warranty on May 31, 2013, but did not do so until February 8, 2016—over two years after their cause of action accrued.[16]

## V.    PLAINTIFFS' AMBIGUOUS CAUSES OF ACTION FAIL TO STATE CLAIMS.

To the extent the allegations contained in paragraph 25 of Plaintiffs' Second Amended Original Complaint are deemed to articulate separate and independent causes of action, they fall below the pleading standard and the Court should dismiss them with prejudice as well. Specifically, paragraph 25 asserts:

> Each Defendant is alleged to be liable under theories of ostensible, apparent, implied and express agency and partnership.  Each Defendant is liable under theories of conspiracy, respondeat superior, single business enterprise, and principal/agent liability.  The Defendants also failed to design around foreseeable negligent use of their equipment to prevent the damages alleged in this case.

These bald allegations are unaccompanied by even a rote recitation of the elements of the various causes of action mentioned nor any supporting factual basis giving rise to the potential for relief.  Accordingly, they should be dismissed.

---

[15] *See* Plaintiffs' Second Amended Original Petition (Ex. A) at ¶ 10.

[16] *See* Plaintiffs' Original Petition (Ex. B) filed February 8, 2016.

8175838 v2

## VI.    CONCLUSION

None of the Plaintiffs notified Scott of their breach of warranty claims, rendering their breach of warranty causes of action unsustainable.  Furthermore, the Bebee, Garner, and Renaud Plaintiffs brought breach of warranty claims time-barred by the relevant two-year statutes of limitations.  Scott, therefore, requests the Court dismiss Plaintiffs' breach of warranty claims against Scott with prejudice and grant all other relief it deems just and proper.


Dated:  May 19, 2017                                Respectfully submitted,

                                                    SHOOK, HARDY & BACON L.L.P.


                                                    By: */s/ Jeffrey E. Elkins*
                                                           P. Randall Crump
                                                           Texas Bar No. 05186020
                                                           600 Travis Street, Suite 3400
                                                           Houston, TX 77002-2926
                                                           Telephone: 713.227.8008
                                                           Facsimile:  713.227.9508
                                                           Email:  pcrump@shb.com

                                                           AND

                                                           Jeffrey E. Elkins
                                                           Admitted *Pro Hac Vice*
                                                           SHOOK, HARDY & BACON L.L.P.
                                                           2555 Grand Boulevard
                                                           Kansas City, MO 64108-2613
                                                           Telephone: 816-474-6550
                                                           Facsimile:  816-421-5547
                                                           Email:  jelkins@shb.com

                                                    ATTORNEYS FOR DEFENDANT
                                                    SCOTT TECHNOLOGIES, INC.

8175838 v2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this 19th day of May 2017.


Benjamin L. Hall, III
William Van Fleet
THE HALL LAW FIRM
530 Lovett Boulevard
Houston, TX 77006
Telephone:713.942.9600
Facsimile: 713.942.9566
bhall@bhalllawfirm.com

*Attorneys for Plaintiffs*
Matthew E. Coveler
Ben T. Zinnecker
WEINSTEIN, TIPPETTS & LITTLE, LLP
750 San Felipe, Ste. 500
Houston, TX 77063
Telephone: 713.244.0800
Facsimile: 713.244.0801
Matthew.coveler@wtllaw.com
Ben.zinnecker@wtllaw.com

*Counsel for Defendant Motorola Solutions Inc.
f/k/a Motorola Inc.*

T. Deon Warner
WARNER AND ASSOCIATES PLLC
550 Westcott Street, Ste. 415
Houston, TX 77007
Facsimilie: 713.422.2309
deon@warnerandassociates.com

*Counsel for Defendant Access Data Supply, Inc.*


/s/ Jeffrey E. Elkins
Jeffrey E. Elkins

8175838 v2