UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SABINA BEBEE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-763 |
| | § | |
| MOTOROLA SOLUTIONS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Pending before the Court is Defendant Scott Technologies, Inc.'s ("Scott") Motion to Dismiss Intervenor-Plaintiff Jack Sullivan's Petition in Intervention (Document No. 48), Brief in Support (Document No. 49), and Supplemental Brief in Support (Document No. 61). Intervenor-Plaintiff has not filed any response. Having reviewed these filings, the facts, and the relevant law, the Court determines that Scott's Motion to Dismiss (Document No. 48) will be granted.

**Background**

Plaintiffs' claims in this suit arise from a motel fire on May 31, 2013, which severely injured or killed several responding firefighters. (Document No. 1-3 at 4). During the fire, Plaintiffs Robert Bebee, Robert Garner, Anne Sullivan and Matthew Renaud died, and Robert Yarbrough was severely injured. *Id*. Jack Sullivan, Anne Sullivan's father, filed a Motion to Intervene in the case on July 21, 2016 (Document No. 23), which was granted on March 10, 2017. (Document No. 40). In his Intervenor Complaint Jack Sullivan generally alleges that Anne Sullivan was killed in the fire due to defective radio equipment made by Scott. (Document No. 41). Therefore Jack Sullivan, in his individual capacity,[1] brings claims of (1) design, marketing, and product defects, (2) negligence, (3) gross negligence, (4) breach of warranty, (5) DTPA

---

[1] Mary Sullivan, Anne Sullivan's mother, is also a plaintiff in the case and brings claims as the personal representative of the Estate of Anne Sullivan, as well as in her individual capacity. (Document No. 23 at 2).

violations, and (6) breach of third party beneficiary contract. *Id*. at 10-13.

In the Motion to Dismiss, Scott argues that "Intervenor-Plaintiff's personal injury, wrongful death,[2] and deceptive trade practices claims are time-barred by the applicable two-year statutes of limitations, even using applicable tolling statutes." (Document No. 48 at 2). Furthermore, Scott argues that the third-party beneficiary claim "fails to state essential elements and, therefore, fails as a matter of law." *Id*.

**Standard of Review**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 544.

---

[2] In its Supplemental Brief in Support Scott clarifies that the breach of warranty claim is a wrongful death claim. (*See* Document No. 61).

"A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute." *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 434 (S.D. Tex. 2016) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). The statute of limitations is a strict deadline, and the Court will dismiss suits "filed even a few days after the limitations date." *Id.* (citations omitted).

**Discussion**

*Personal injury and wrongful death claims*

Scott argues that Jack Sullivan's personal injury and wrongful death claims are barred by the statute of limitations. (Document No. 49 at 3). Texas has a two-year statute of limitations for personal injury and wrongful death claims:

> (a) Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.
> (b) A person must bring suit not later than two years after the day the cause of action accrues in an *action for injury resulting in death*. The cause of action accrues on the death of the injured person.

Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (emphasis added). The statute of limitations begins to run when the action accrues, which occurs "when the legal wrong is completed and the plaintiff is entitled to commence suit, even if the party is unaware of the wrong." *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999) (citation omitted). Because the personal injury and wrongful death claims accrued on the date of the fire, May 31, 2013, Scott argues that the claims are barred by the two-year statute of limitations, as Jack Sullivan did not intervene in this case until July 21, 2016. The Court agrees. Jack Sullivan's personal injury and wrongful death claims are barred by the statute of limitations. Thus claims (1)-(4) above will be dismissed with

prejudice.

*DTPA claims*

Scott similarly argues that Jack Sullivan's DTPA claims are barred by the statute of limitations. (Document No. 49 at 3-5). Texas also has a two-year statute of limitations for DTPA claims:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. The period of limitation provided in this section may be extended for a period of 180 days if the plaintiff proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action.

Tex. Bus. & Com. Code Ann. § 17.565. Assuming that any deceptive acts or practices took place before the fire, Jack Sullivan's claims accrued by May 31, 2013 at the latest and are barred by the statute of limitations.[3]

*§ 16.062*

Section 16.062 does not save Jack Sullivan's claims.[4] Texas law provides:

> (a) The death of a person *against whom or in whose favor there may be a cause of action* suspends the running of an applicable statute of limitations for 12 months after the death.
> (b) If an executor or administrator of a decedent's estate qualifies before the expiration of the period provided by this section, the statute of limitations begins to run at the time of the qualification.

Tex. Civ. Prac. & Rem. Code Ann. § 16.062 (emphasis added). First, this statute only tolls the statute of limitations when suit is filed on behalf of the decedent. Therefore Jack Sullivan's claims in his individual capacity would not be affected by this statute. Second, this statute does not apply to wrongful death actions. *Sowell v. Dresser Indus., Inc.*, 866 S.W.2d 803, 806 (Tex.

---

[3] Jack Sullivan has not made any contrary arguments.
[4] Jack Sullivan did not file a response to Scott's Motion to Dismiss. However the Court briefly discusses this statute to be thorough.

App.-Beaumont 1993, writ denied) ("Section 16.003 is not tolled or extended for an additional year or part thereof under Tex.Civ.Prac. & Rem.Code Ann. § 16.062 (Vernon 1986) for the reason that under decisional law section 16.062 simply has no application to wrongful death claims.") (citing *Rascoe v. Anabtawi,* 730 S.W.2d 460 (Tex. App.—Beaumont 1987, no writ)). Third, even if § 16.062 did apply, Jack Sullivan filed his intervenor complaint on July 21, 2016, more than three years after the causes of action accrued on May 31, 2013. Therefore § 16.062 is not relevant to this case.

*Third-Party Beneficiary Claim*

>The Intervenor Complaint states that:
>
>Plaintiff would show that at all material times Anne Sullivan decedent was an intended third party beneficiary of [] certain contracts and purchase agreements the City of Houston entered into with the Defendants. The Defendants breached their obligations to Anne Sullivan and such breach resulted in her untimely death and the losses that ultimately resulted to intervenor Jack Sullivan.

(Document No. 41 at 13). Regarding the contract at issue, the Intervenor Complaint merely states that "Motorola Solutions sold an approximately $140,000,000 [d]igital trunk radio system to the City of Houston for use by the Houston Fire Department and other departments." *Id*. at 5.

Scott argues that this fails to state a claim because the Intervenor Complaint does not mention a contract between Scott and the City of Houston, does not contain facts "about the contracting parties' intent to secure a direct benefit[5] to Anne Sullivan," and does not "identify how Scott breached this unidentified contract."[6] (Document No. 49 at 7). The Court agrees that

---

[5] As explained by the Texas Supreme Court, "[i]n deciding whether a third party may enforce or challenge a contract between others, it is the contracting parties' intent that controls. The intent to confer a direct benefit upon a third party must be clearly and fully spelled out or enforcement by the third party must be denied. Incidental benefits that may flow from a contract to a third party do not confer the right to enforce the contract." *S. Texas Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007) (internal citations and quotations omitted).

[6] "In Texas, the elements of a claim for breach of contract are: (1) a valid contract between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach." *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 669 F. App'x 219, 220 (5th Cir. 2016) (citation omitted).

the Intervenor Complaint utterly fails to state a claim against Scott and should be dismissed. This dismissal will be without prejudice.[7]

**Conclusion**

For the reasons above the Court hereby

ORDERS that Intervenor-Plaintiff's claims of (1) design, marketing, and product defects, (2) negligence, (3) gross negligence, (4) breach of warranty, and (5) DTPA violations are DISMISSED WITH PREJUDICE. Furthermore, the Court

ORDERS that Intervenor-Plaintiff's third party beneficiary claim is DISMISSED WITHOUT PREJUDICE. Intervenor Plaintiff shall have 30 days from the date of this Order to amend his complaint.

SIGNED at Houston, Texas, this 26th day of July, 2017.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　MELINDA HARMON
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[7] **Error! Main Document Only.** When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.")